E. L. HUFFINES *v.* LESLIE J. GOLD.*

(*Knoxville,* September Term, 1926.)

Opinion filed, December 11, 1926.

1. CONTESTED ELECTION. County superintendent of schools. Qualification of candidate.

The requirement that a county superintendent possesses a certificate of qualification issued by the State Board of Education is manifestly to prevent any person from holding the office who is not qualified by education and experience. The legislative purpose is satisfied when the person elected is, in fact, the possessor of such a certificate at the time of election, and the requirement that certificate be filed with the county judge, or chairman of county court, is directory, and can have no other effect than to provide a means whereby the fact of qualification of a candidate may be ascertained by persons interested. (Post, p. 586.)

Acts cited: Acts 1925, ch. 115, secs. 6, 12; Acts 1895, ch. 54; Private Acts 1925, ch. 552, sec. 2.

2. STATUTES. Construction. Mandatory and directory provisions.

The consequential distinction between directory and mandatory statutes is that the violation of the former is attended with no consequences, while the failure to comply with the requirements of the other is of serious results. The provisions which may be departed from, without affecting the validity of statutory proceedings, are usually those which relates to the mode, or time of doing that which is essential to effect the aim and purpose of the Legislature, or some incident of the essential act. (Post, p. 588.)

Cases cited: Browning v. Gray, 137 Tenn., 70; Richardson v. Young, 122 Tenn., 471, 527, 530.

---

*Headnote 1. Schools and School Districts, 35 Cyc., p. 863.

---

FROM SMITH.

---

Appeal from the Chancery Court of Smith County—
HON. W. R. OFFICER, Chancellor.

L. A. LIGON and W. V. LEE, for Plaintiff Appellee.

H. B. McGINNESS, for Defendant Appellant.

MR. JUSTICE SWIGGART delivered the opinion of the
Court.

The bill in this cause was filed by E. L. Huffines, as
the incumbent of the office of county superintendent of
public schools in Smith county, against Leslie J. Gold,
to enjoin the latter from asserting his claimed right to
the office of county superintendent by virtue of his elec-
tion at the general August election of 1926.

The General Educational Law of 1925, chapter 115 of
the Public Acts for that year, provides, in section 6, that
a county superintendent shall be a person of literary at-
tainment and experience in the art of teaching and school
administration, and shall have a certificate of qualifica-
tion issued by the state board of education.

Section 12 of said act provides that the examination
for the position of county superintendent shall be con-
ducted at such time and place and under such regulations
as shall be fixed by the state board of education, and
this section contains a list of the subjects to be covered
by the required examination.

Chapter 54 of the Acts of 1895, amending the general
education act then in force, and applying to all counties
of the State, provided that candidates for the office of
county superintendent, then elected by the quarterly coun-
ty court, should file a certificate of qualification with the

chairman of the county court preceding the election, whether it be the regular biennial election or an election to fill a vacancy in the office.

Chapter 552 of the Private Acts of 1925 provides that in counties of certain population, including Smith county, the county superintendent shall be elected by the qualified voters of the county, for a term of two years.

Section 2 of this act contains the following provision:

"This act shall in no way affect the duties or qualifications of the county superintendent in said counties, be and the same (*sic*) shall remain as is now fixed by law except that certificate of qualification shall be filed with the county judge or chairman of the county court not later than the first Monday in April preceding any regular election."

The bill in this cause discloses that Huffines and Gold were candidates at the August election, 1926, and that Gold received a majority of the votes cast. The bill avers, however, that the election of Gold was void and ineffective, because the latter did not offer to file his certificate of qualification with the chairman of the county court until May 26, 1926, on which day he presented his certificate to the county chairman at his residence, whereupon the chairman wrote an indorsement on the certificate showing that it was filed on that date, after which the certificate was returned to Gold and remained in his possession until after the date of said election.

The chancellor sustained a demurrer filed to the bill by Gold and dismissed the bill. The appeal is by Huffines from this decree.

It is contended for Huffines that the failure of Gold to file his certificate of qualification with the chairman of

the county court on or before the first Monday in April rendered him ineligible to election, and that his subsequent election without complying with the terms of the statute was void. It is further contended that the indorsement made by the county chairman on the certificate of qualification on May 26, 1926, followed by the return of the certificate to Gold, and his retention thereof, was not a compliance with the requirement of the statute that the certificate be filed.

We find it unnecessary to determine whether the certificate of qualification was filed with the chairman of the county court at any time prior to the election.

The requirement that a county superintendent possess a certificate of qualification issued by the state board of education is manifestly to prevent any person from holding the office who is not qualified by education and experience. The legislative purpose is satisfied when the person elected is, in fact, the possessor of a certificate of qualification at the time of his election, and the requirement that the certificate be filed with the county judge or chairman of the county court can have no other effect than to provide a means whereby the fact of qualification of a candidate may be ascertained by persons interested.

The bill discloses that Gold did possess the certificate of qualification a early as the 26th day of May, 1926, and it does not deny that he possessed the certificate prior to April 1st.

The statute of 1925 does not expressly provide that the filing of the certificate before the first Monday in April shall be a condition precedent to the election of the candidate. It provides that the "qualifications" of the county superintendent should be the same as form-

erly fixed by law, except that the certificate of qualification should be filed not later than the first Monday in April. There is no language expressing a legislative purpose that an election of a candidate should be void if he failed to file his certificate as provided in the act, although he should possess such a certificate as evidence of his qualification for the office.

In *Browning* v. *Gray*, 137 Tenn., 70, a case wherein it was sought to declare an election void because the officers holding the election had not taken an oath to faithfully discharge their duties prescribed by statute, this court said:

"It is conceded by the petitioner that the will of the community was correctly ascertained at the election complained of, and this, of course, satisfies the spirit, if not the letter, of the law. Courts are properly very slow to interfere with the declared result of an election, unless there are specific charges of fraud directed against named voters sufficient in number to change the result. This rule is supported by a sound public policy grounded in a due regard for the peace and order of society and the stability of governments. If the will of a majority of the legal and qualified voters has been ascertained, although irregularly ascertained, it would be bootless to order another election to accomplish the same purpose. Such a rule would not only accomplish no good result, but would throw the community involved into turmoil and strife."

There is no averment in the bill in the present cause that the failure of Gold to file his certificate as required by the statute had any effect on the expression by the voters of their preference at the August election.

The requirement that a candidate for the office possess a certificate is only that he be in the possession of evidence of his qualification to hold the office, and the requirement that the certificate be filed with the chairman of the county court is only that evidence of the qualification of the candidate be on file in that office. In the absence of any express language indicating a legislative intent that failure to file such evidence of qualification will render the candidate's election void, we are not able to impute such intention to the Legislature. We think, therefore, that the requirement that the certificate be filed falls within the class of legislative mandates termed as directory, as distinguished from those which are mandatory. *Richardson* v. *Young,* 122 Tenn., 471, 527, 530. In the case cited this court quoted from *Covington's Case,* 29 Ohio St., 117, as follows:

"The difference between a mandatory and a directory provision is often determined on grounds of expediency; the reason of this being that less injury results to the general public by disregarding than by enforcing the letter of the law."

In *Richardson* v. *Young,* supra, this court also quoted from Lewis' Sutherland, Statutory Construction, section 610, as follows:

"The consequential distinction between directory and mandatory statutes is that the violation of the former is attended with no consequences, while the failure to comply with the requirements of the other is productive of serious results. This distinction grows out of a fundamental difference in the nature, importance, and relation to the legislative purpose of the statutes so classified. The statutory provisions which may thus be de-

parted from with impunity, without affecting the validity of statutory proceedings, are usually those which relate to the mode or time of doing that which is essential to effect the aim and purpose of the Legislature or some incident of the essential act."

The essential aim and purpose of the legislature in the act under consideration must be held to be that no person not qualified for the office as the possessor of a certificate of qualification shall be permitted to hold the office and exercise its functions. The requirement that the evidence of qualification be filed with the chairman of the county court is incidental to the essential purpose, designed to carry out and enforce the essential purpose. The bill in this cause discloses that the essential aim and purpose of the legislature has been carried out, by the election of a candidate possessing a certificate issued by the state board of education as evidence of his qualification. To declare the election void because of the omission to comply with the incidental requirement is clearly not required.

The decree of the chancellor, sustaining the demurrer to complainant's bill, will accordingly be affirmed.