Union County, Tennessee, *et al., v.* Bernice Sexton.

*(Knoxville,* September Term, 1954.)

Opinion filed November 16, 1954.

Rehearing denied March 11, 1955.

516

Chas. S. Kitts, of Maynardville, for the appellants.

L. C. Morton, Privette & Morton, and Charles H. Davis, all of Knoxville, and Knox Bigham, Assistant Attorney General, for appellee.

Mr. Chief Justice Neil delivered the opinion of the Court.

Bernice Sexton is the duly appointed Clerk of the Chancery Court of Union County, Tennessee. She filed her original bill in the Chancery Court against Union County, Charles Kitts, County Judge of said county, and Roy H. Beeler, Attorney General, charging that the Clerk and

Master's compensation was increased by the provisions of Chapter 263 of the Public Acts of 1951 to the sum of $2,400 per year; that though demand was made on Union County and Charles Kitts, the County Judge, to pay said salary the said defendants failed and refused to pay the salary increase. The reason given for the refusal was that the aforesaid act is unconstitutional.

The complainant in her bill sought a declaratory decree as to her rights and for a money decree for her salary pursuant to the provisions of the act.

The defendants pleaded the unconstitutionality of the act. The defendant, Roy H. Beeler, filed an answer, asserting that the act was constitutional.

The Chancellor filed a memorandum opinion sustaining the act as entirely valid and entered a decree accordingly.

From this decree Union County and Charles S. Kitts appealed to this Court. The sole question raised in the several assignments of error is the constitutionality of Chapter 263 of the Public Acts of 1951.

Counsel for the defendants have filed an elaborate brief reviewing a long line of decisions of this Court in dealing with the general salary statute and particularly with the act which is assailed in the instant case. Among the contentions made is that said act is "incomplete, inequitable, discriminatory and so contradictory as to render it incapable of a reasonable construction"; that the "act is unreasonable and vicious class legislation in that it unjustly discriminates between counties" and "between the citizens of said counties". The validity of the act is questioned upon other grounds.

We deem it unnecessary to respond to the many arguments advanced by the appellants for the reason that the validity of the assailed statute has been upheld by this Court in *Hobbs* v. *Lawrence County*, 193 Tenn.

608, 247 S. W. (2d) 73. While the act in question may be unreasonable and unjust, as viewed by the appellants on the ground that it is extremely burdensome upon Union County and other counties embraced in a particular classification, we cannot declare it invalid for these reasons. The Court has held in cases too numerous to require citation that whether a statute is wise or unwise is a matter which is the concern of the Legislature and not the judiciary. Thus in *West Tennessee Flood Control & Soil Conservation Dist.* v. *Wyatt,* 193 Tenn. 566, 247 S. W. (2d) 56, 62, it is said:

"The wisdom or unwisdom of the statute is a matter for the Legislature and not for the courts, which cannot legitimately question the policy or condemn the effects of any law consistent with the organic laws of the State and the Nation."

In *Hobbs* v. *Lawrence County,* supra, the complainant sought a declaratory judgment, just as in the instant case, as to the constitutionality of Chapter 263, Acts of 1951, the same being amendatory of the general salary act, Code Sections 10726 and 10727, by making six new classifications and providing minimum salaries of certain named county officials, including Clerks and Masters of the Chancery Court.

Appellants contend that in the Hobbs case, supra, the act in question was not attacked "except the optionary or exempting clause", and this is substantially true.

The assailed statute was an amendatory act of Chapter 118, Public Acts of 1935, entitled " 'An Act to amend Sections 10726 and 10727 of the Code of Tennessee' so as to provide fixed compensation for certain public officials." The body of the act fixed minimum salaries in counties falling within certain classifications according to population.

■ Counsel for the appellant insists that Chapter 263, Acts of 1951, undertook to amend said act, Chapter 118, Acts of 1935, and that it became ineffective on and after January 1, 1952, at which time the Code Supplement went into effect. To this contention we cannot agree. The Official Code Supplement, Chapter 13, Sections 10726 and 10727 fixed salaries for county officials upon a classification basis. It was not dependent upon any prior act of the Legislature. There is found a number of Code Sections in the Official Code of 1932 which the codifiers inserted without any reference to any act of the Legislature and became the law when the said Code took effect. The Chancellor therefore was not in error in holding that the aforesaid Code Sections were in full force and effect when amended by Chapter 263 of the Acts of 1951. We think that Chapter 118 of the Public Acts of 1935 was not repealed by any subsequent act, but was carried forward in the Code Supplement at Sections 10726 and 10727.

Contention is made that the act is in violation of Article 2, Section 17, of the State Constitution, which provides: "No bill shall become a law, which embraces more than one subject; that subject to be expressed in the title. All acts which repeal, revive or amend former laws, shall recite in their caption or otherwise, the title or substance of the law repealed, revived or amended."

■■ The assailed act does not violate the foregoing constitutional inhibition. The case of *Hickman* v. *Wright*, 141 Tenn. 412, 210 S. W. 447, is not authority for the appellants' contention. The caption of the act correctly recites the statute to be amended and that it relates to "certain public officials." The caption of an amendatory act need not detail the express provisions of the act to be amended. Thus in *Tennessee Electric Power Co.* v.

*City of Chattanooga,* 172 Tenn. 505, 521, 114 S. W. (2d) 441, 447, the Court used the following language: ''In amending the charter, * * * it was unnecessary to mention specifically any prior amendatory act'', citing *Goodbar* v. *Memphis,* 113 Tenn. 20, 81 S. W. 1061. The same effect is *State ex rel. Anderson* v. *City of Knoxville,* 176 Tenn. 541, 144 S. W. (2d) 758. In *Hunter* v. *Conner,* 152 Tenn. 258, 269, 277 S. W. 71, 74, it is held:

''To meet this constitutional requirement it is not necessary for the title to index the details of the act or give a synopsis of it. *Memphis Street Railway Co.* v. *Byrne,* 119 Tenn. 278, 104 S. W. 460. It is sufficient to direct the mind to the object of the proposed legislation (*Truss* v. *State,* 13 Lea [311] 312) ; the general purpose being accomplished, if the caption states the object of the legislation so that the legislative intent may be gathered from the words used (*Van Dyke* v. *Thompson,* 136 Tenn. 136, 189 S. W. 62; *Ryan* v. [*Louisville & N.*] *Terminal Co.,* 102 Tenn. [111] 126, 50 S. W. 744, 45 L. R. A. 303).''

The title of the act, reciting that it amended particular sections of the Code so as to provide fixed compensation for certain public officials, by clear intendment, included ''county officials'', and that is exactly the subject of the legislation. The term ''officer'' is one that is inseparably connected with a public office. We think that ''county officials'' and ''public officials'' are one and the same. Moreover if the title to an act is broader than the body of the act, this affords no reason or authority for declaring it unconstitutional. Thus in *Crewse* v. *Beeler, Attorney General,* 186 Tenn. 475, 491, 212 S. W. (2d) 39, 46, the Court said: '' 'It is no objection to a bill that the caption is broader than the enacting part' ''. Thus the plurality of the title is not an objection when the body

of the act, as in the case at bar, deals with one subject, i.e. compensation for public officials, several officials, falling within specified classifications.

The fifth assignment complains that the Act is discriminatory and violative of Article eleven, Section 8, of the State Constitution. The act in question does not suspend a general law, as appellants contend. It does not purport to favor certain officials to the exclusion of others. The salaries are uniform and are the same in each classification.

The question raised in the foregoing assignment was considered in *Roberts* v. *Roane County,* 160 Tenn. 109, 23 S. W. (2d) 239, declaring a Private Act, fixing salaries for Sheriffs in counties having a population of "not more than 24,650 nor less than 24,624", Priv. Acts 1923, c. 24, as unconstitutional, because the body of the act is broader than the caption. The Court held that the provisions of the act designated Roane County as if it had been referred to by name; that it was a special statute discriminatory against Roane County, and affected the Sheriff as an individual. This is not true in the case at bar. The assailed act does not favor one county to the exclusion of another county in the same classification. This Court's opinion in *Hunter* v. *Conner,* supra, dealt with the validity of Chapter 101 of the Acts of 1921 to fix the salaries of certain county officials and provide for the disposition of the fees of their office. The purpose of the act was to abolish the fee system in Tennessee. The maximum salaries were fixed according to classifications and were graduated according to population.

The identical questions raised in the instant case were decided in the Hunter case. The validity of the act was upheld by the Court, speaking through the late Mr. Jus-

tice Cook, who greatly honored the judiciary of this State. On the subject of classification, it was said:

"In considering the question of classification as a means of graduating the salaries of the county officers on the basis of service and responsibility, it must be observed that the decisions of this court and of the federal Supreme Court have conceded to the Legislature a wide range of discretion in police and revenue statutes, and, if any possible reason can be conceived to justify the classification, it must be upheld. *Ogilvie* v. *Hailey,* 141 Tenn. [392] 396, 210 S. W. 645."

The counsel for appellants have filed and ably discussed other assignments of error. But we feel that they do not sustain their contention that the assailed act is invalid, such as "that the act is so incomplete and inconsistent that it is a nullity"; that it is void because the population is not based on the Federal census of 1950 or any subsequent Federal census.

The assignments of error are overruled and the Chancellor's decree is affirmed.

## On Petition to Rehear.

The plaintiffs in error have filed a petition to rehear in this case complaining of numerous errors, but the petition is largely devoted to a reargument of the entire case. The petitioner quotes several excerpts from the opinion and claims that they constitute reversible error. These statements, however, are taken out of the context of the opinion and are made the basis of an argument.

An examination of the original opinion discloses that the Court discussed many questions touching the alleged unconstitutionality of the Act, the same being Chapter 263 of the Public Acts of 1951.

Contention is made that the Court overlooked any discussion of assignment of error No. 10, which reads as follows:

"That the Court erred in not holding that the Act in question could not have been passed without the exempting clause, which has since been elided. And that the legislative intent failed upon the said exempting clause being elided, and the Act accordingly failed."

This assignment of error involves the question of elision, that is, whether or not the exemption complained of could be elided and leave the Act in force without it. The question was dealt with, though not extensively, in *Hobbs* v. *Lawrence County,* 193 Tenn. 608, 247 S. W. (2d) 73, 76. In discussing the doctrine of elision, it was said:

"The doctrine of elision addresses itself to the question of legislative intent. The rule is set forth in *State ex rel. Lyle* v. *Willett,* 117 Tenn. 334, 339, 97 S. W. 299; and *Rhinehart* v. *State,* 121 Tenn. 420, 117 S. W. 508. The general rule is that 'where a clause is so interwoven with other portions of an act as that we cannot suppose that the Legislature would have passed the act with that clause omitted, then if such clause is declared void, it renders the whole act null.' This rule has been followed in all our cases. While we do not dissent from it in the instant case, it has no application here."

The foregoing statement that the doctrine "has no application" was technically incorrect because the Court did in fact elide the section complained of as being an unconstitutional delegation of legislative power. The authorities sustain this view of the question. Moreover the

section which was elided did not in any way affect the purpose of the Act.

█ Contention is now made in the petition to rehear that it was error for the Court to elide this section on the theory that the Legislature would not have enacted the bill with the "exemption section" excluded. The insistence is a conclusion of the plaintiff in error and is contrary to the express purpose of the Act which was to "secure the services of competent officials in all courts" by providing that certain named county officials shall receive a specified minimum salary. There is no valid reason for us to suppose that the Legislature would have refused to pass the Act with the exempting clause omitted.

While the Act may lay a more or less burden upon some counties within a particular classification, the Legislature could not have been unmindful of this fact in considering the merits of the Act. This additional burden, however, in no way affects the validity of the Act, or justifies the criticism that it is vicious class legislation. On the contrary the failure to provide adequate and competent services would be highly detrimental to orderly government in every political subdivision of the State. It is certain that the chancery courts could not function, except in a limited way, without the services of a competent Clerk and Master, and the same is true of other courts as well.

█ The statute in question is an amendment to the general law fixing salaries of public officials of the several counties of the State and is not "arbitrary and unreasonable" as the petitioners contend.

The authorities cited in *Hobbs* v. *Lawrence County,* supra, support the view that the Legislature cannot law-

fully delegate to the Quarterly County Courts the power to exempt a county from the provisions of a general law. In other words, the Quarterly County Court of Union County is without authority to adopt a resolution which has for its purpose the suspension of the general law.

The petition to rehear is denied.