C. Howard BOZEMAN et al., Appellants,

v.

Herbert BARKER et al., Appellees.

Supreme Court of Tennessee.

Sept. 11, 1978.

Dale C. Workman, Asst. Knox County Law Director, Knoxville, for appellants.

Richard W. Krieg, William A. Zierer, Knoxville, for appellees; Morton, Lewis, King & Krieg, Knoxville, of counsel.

Brooks McLemore, Jr., Atty. Gen., Kenneth R. Herrell, Asst. Atty. Gen., Nashville, for intervenor-appellee.

WILLIAM I. DAVIS, Special Judge.

The parties will be referred to as they appeared in the trial court, appellants as defendants and appellees as plaintiffs.

The Tennessee General Assembly enacted Chapter 485, Public Acts 1977 which is, caption and body, as follows:

> AN ACT to provide for minimum annual salaries of certain court officers in counties having populations in excess of 250,000, according to the federal census of population of 1970 or any subsequent federal census of population.

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF TENNESSEE:

SECTION 1. In counties having populations in excess of 250,000, according to the Federal Census of Population of 1970, or any subsequent Federal Census of Population, a minimum annual salary of seven thousand eight hundred dollars ($7,800) shall be paid by the county to any person appointed to serve as court officer for the trial level courts of record in the county regardless of whether or not the duties of such persons includes the service of process issuing from any of such courts. The compensation authorized by this Act shall not include the expense allowance for the use of an automobile by any such person. However, the provisions of this Section shall not apply to counties having populations in excess of 600,000 according to the Federal Census of Population of 1970.

SECTION 2. The provisions of this Act shall not apply to counties of this state having populations of not less than 200,000 nor more than 275,000, according to the U.S. Census of Population of 1970, or any subsequent U.S. Census of Population.

SECTION 3. If any provision of this Act or the application thereof to any person or circumstance is held invalid, such invalidity shall not affect other provisions or applications of the Act which can be given effect without the invalid provision or application, and to that end the provisions of this Act are declared to be severable.

SECTION 4. This Act shall take effect July 1, 1977, the public welfare requiring it.

PASSED: May 12, 1977.

The population provisions of the Act have the effect of making only Knox and Davidson counties presently subject to the Act. The Act was not ratified or approved by any governing body of Knox County nor is there a provision in the Act for such action.

Defendants attacked the Act as being violative of Article XI, Sections 8 and 9 of the Tennessee Constitution. The Chancellor held Chapter 485 to be constitutional and not in contravention of Sections eight (8) or nine (9), Article XI of the Tennessee Constitution. The case is here for review of that decision.

The basic facts appear to be that plaintiffs were deputies sheriff, otherwise referred to as Court officers, the duties of some being to act as bailiffs waiting on or attending the Chancery, Circuit and Criminal Courts of Knox County and others having duties to serve process from said Courts. Fourteen of plaintiffs were process servers and received travel allowances of $1,800.00 per annum in addition to the $7,022.00 annual salary each plaintiff received. For the year prior thereto the salary was $6,563.00. An across the board salary increase of seven per cent was given all Knox County employees as of July 1, 1977. Plaintiffs were carried on the payroll as either process servers or bailiffs and all under the same account number as well as all being included under item 409 of the Knox County budget. The Knox County General Accounting Office considered plaintiffs as court officers and sub-classified them as

process servers and bailiffs. Plaintiffs' duties were such as to bring them within the designation of "Court officers for the trial level Courts of record in the County" as that phrase was used in the Act and entitled to the minimum salary provided in Chapter 485 Public Acts 1977 if that Act be constitutional.

Deputies Sheriff who worked as bailiffs and process servers in Knox County General Session Courts were paid on a fee basis and bore their own expenses with the exception of one deputy who was on a salary. Field deputies sheriff were paid $8,250.00 per annum plus $200.00 uniform allowance. These field deputies are not paid pursuant to a salary suit.

According to the Federal Census 1970 Knox County had a population of 276,293 and Davidson County a population of 447,877.

The pertinent parts of the Tennessee Constitution asserted to be violated are as follows:

Article XI, Section 9:

The General Assembly shall have no power to pass a special, local or private act having the effect of removing the incumbent from any municipal or county office or abridging the term or altering the salary prior to the end of the term for which such public officer was selected, and any act of the General Assembly private or local in form or effect applicable to a particular county or municipality either in its governmental or its proprietary capacity shall be void and of no effect unless the act by its terms either requires the approval by a two-thirds vote of the local legislative body of the municipality or county, or requires approval in an election by a majority of those voting in said election in the municipality or county affected. *Article XI, Section 9, Constitution of Tennessee.*

Article XI, Section 8:

The Legislature shall have no power to suspend any general law for the benefit or any particular individual, nor to pass any law for the benefit of individuals inconsistent with the general laws of the land; nor to pass any law granting to any individual or individuals, rights, privileges, immunitie, (immunities) or exemptions other than such as may be, by the same law extended to any member of the community, who may be able to bring himself within the provisions of such law. *Article XI, Section 8, Constitution of Tennessee.*

In 1963 Chapter 53 of the Private Acts was passed providing that court officers for Knox County be paid a certain salary. This Act was ratified by the County Commissioners. Chapter 45 of the Private Acts 1973 amended the 1963 Act to permit deputies sheriff to earn fees in addition to salary. This latter Act was ratified by the County Court after Chapter 353, Private Acts 1972, purporting among other things to repeal the 1963 Act failed to be ratified by any competent governing body. Chapter 186, Private Acts 1975, purported to amend the 1963 Act so as to increase court officers' compensation but failed of ratification. Chapter 126, Private Acts 1975, provided that court officers in Knox County serving process be paid the same as uniformed deputies sheriff. This Act also failed of ratification.

Defendants stress the foregoing "legislative history" of the questioned Act as reflected by the various amendatory acts to Chapter 53, Private Acts 1963, as just listed. However, there appears nothing doubtful or uncertain about the Act in question and such history or policy of legislation is not of determinative materiality for the reason there exists no ambiguity in the Act that needs explanation. *Nashville, Chattanooga & St. Louis Railway v. Marshall County*, 161 Tenn. 236, 30 S.W.2d 268 (1930). The "history" merely discloses that such legislation had been desired for a number of years.

■ Defendants attempt to make a material distinction between County officials and County employees. They assert that plaintiffs are merely employees and that the decision law to the effect that the legislature may regulate compensation of Coun-

ty officials does not contemplate such regulation of compensation of County employees. The Courts have consistently applied similar rulings to employees such as teachers, (see *State ex rel. Bise v. Knox County*, 154 Tenn. 583, 290 S.W. 405 [1926]; *Hamilton County v. Gerlach*, 176 Tenn. 288, 140 S.W.2d 1084 [1940]), and County officials such as Clerks, Sheriffs, etc., (see *Union County v. Sexton*, 197 Tenn. 515, 276 S.W.2d 6 [1955]; *Hobbs v. Lawrence County*, 193 Tenn. 608, 247 S.W.2d 73 [1952]). We see no just reason to differentiate or discriminate between the two groups.

■ There is a strong presumption in favor of the constitutionality of acts passed by the Legislature and its acts will not be held unconstitutional merely for reasons of policy. *Dennis v. Sears, Roebuck & Company*, 223 Tenn. 415, 446 S.W.2d 260 (1969).

■ Defendants' first assignment of error asserts the act in question was local in effect and application in violation of Article XI, Section 9 of the Constitution of Tennessee. If the act is private or local in form or effect, it is void because the act fails to provide by its terms for approval by one of the methods stated in said article and section. If the act is a public and general law, the "Home Rule Amendment" is not applicable and Chapter 485 is valid under Article XI, Section 9.

The questioned act is certainly public and general in form. We hold it is also public in effect and application, not private or local in effect. It presently applies to two populous counties. It can become applicable to many other counties depending on what population growth is reflected by any subsequent Federal Census. The compensation of county officials has been held not to be a private or local affair within the meaning and intent of Article XI, Section 9 of the Tennessee Constitution. *Hobbs v. Lawrence County, supra*.

Defendants rely strongly on *Farris v. Blanton*, 528 S.W.2d 549 (Tenn.1975), to support their contention that the questioned act violates Article XI, Section 9. *Farris v. Blanton* is not here controlling. Chapter 354, Public Acts 1975, according to its caption, provided "for a run-off election in counties with a mayor as head of the executive or administrative branch of the county government." The Court observed that:

Shelby County stands unique among counties in Tennessee. It, and it alone, has a county mayor. No other county may have such a form of government except by the affirmative action of the General Assembly. There is no general enabling act under which any other county may opt to so operate. Thus, Chapter 354 of the Public Acts of 1975 relates to Shelby County alone. Id. at 552.

Also in response to the suggestion that the County Mayor of Shelby County could be equated with the Mayor of the Metropolitan Government of Nashville and Davidson County, or with any Mayor of any consolidated government which may hereafter emerge under the Metropolitan Government enabling act, the Court further stated:

Thus it follows that Nashville and Davidson County, or any other principal city and county in the state may have a county mayor, but he would be the chief executive officer of a consolidated entity and not merely the executive head of a single coordinate branch of government. He would not be a "County Mayor" as contemplated in Chapter 345 of the Public Acts of 1975. Id. at 553.

The Court stated additionally that under the present law said Chapter 354 applied solely to Shelby County and that it could not conjecture what the law may be in the future. Said act was held to violate Article XI, Section 9 of the Tennessee Constitution because private and local in effect and application with no provision for its ratification by any approved method.

*Farris v. Blanton* is distinguishable on its facts and is no authority for defendants' contention. We hold that Article XI, Section 9, is not applicable and overrule defendants' assignment of error number one.

Defendants' second assignment of error asserts that the act in question violates Article XI, Section 8 of the Tennessee Con-

stitution in that it conferred on one class benefits from which others were deprived, thus superseding general law for the benefit of individuals.

The questioned act affects the counties subject to it in their governmental or political capacities or agencies. Setting minimum compensation of county officials and employees is a governmental function and it is permissible to confer benefits on private citizens as governmental employees. *Hobbs v. Lawrence County, supra; Union County v. Sexton, supra; State ex rel. Bise v. Knox County, supra; Hamilton County v. Bryant*, 175 Tenn. 123, 132 S.W.2d 639 (1939); *Hamilton County v. Gerlach, supra.* Thus the provisions of Article XI, Section 8, are not contravened by the act in question.

Should Article XI, Section 8, be otherwise applicable, the questioned act is not invalid because a reasonable classification, that is by population, affirmatively appears and satisfies the constitutional requirements. And this even though only two counties are at present subject to its terms, it appearing that all counties, presently or in the future subject to its provisions are or will be treated the same under its provisions. *Union County v. Sexton, supra; Hobbs v. Lawrence County, supra.*

Defendants' assignment of error number two is overruled.

The judgment of the trial court is affirmed and defendants-appellants taxed with cost of the appeal.

HENRY, C. J., and FONES, COOPER and HARBISON, JJ., concur.