IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
_____

**GAYLE PENLEY,**

    Plaintiff-Appellant,

Vs.

Chester Circuit No. 4196
C.A. No. 02A01-9805-CV-00131

**HONDA MOTOR COMPANY, LTD.,
HONDA RESEARCH AND
DEVELOPMENT, AMERICAN
HONDA MOTOR COMPANY,
INC., JOE'S CYCLE SHOP, INC.,
d/b/a JOE'S CYCLE AND MARINE,**

    Defendants-Appellees.



**FILED**

**August 11, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

FROM THE CHESTER COUNTY CIRCUIT COURT
THE HONORABLE WHIT LAFON, JUDGE

Kenneth W. Hooks, Keith Belt
Pittman, Hooks, Dutton & Hollis of Birmingham, Alabama
William H. Haltom, Jr., of Memphis
For Appellant

R. Dale Bay, Susan R. High-McAuley, John R. Tarpley
Lewis, King, Krieg, Waldrop & Catron, P.C., of Nashville
For Appellees

Paul G. Summers, Attorney General and Reporter
Charles S. Harrell, Assistant Attorney General
For State of Tennessee

*AFFIRMED AND REMANDED*

Opinion filed:

**W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**DAVID R. FARMER, JUDGE**

    This is a product liability action. Plaintiff/Appellant, Gayle Penley (Penley), appeals the

trial court's order granting summary judgment in favor of Defendants/Appellees, Honda Motor

Company, Ltd., Honda R&D Co., Ltd., American Honda Motor Company, Inc., and Joe's Cycle

Shop, Inc. d/b/a Joe's Cycle and Marine (collectively hereinafter "Honda").

On June 8, 1996, Penley was injured while riding an all terrain vehicle (ATV) owned by William and Ann Morris (Morris). The ATV in question was originally purchased by Mt. Moriah Sports and Trucks on May 23, 1987 from Joe's Cycle Shop. On June 6, 1997, Penley filed suit against Honda and the Morrises[1] alleging strict liability, negligence, failure to warn, and breach of express warranties and the implied warranties of merchantability and fitness. On July 21, 1998, Honda filed a motion for summary judgment on the ground that Penley failed to bring her action within the 10 year statute of repose set by the Tennessee Products Liability Act (TPLA), T.C.A. § 29-28-103.

On March 16, 1998, pursuant to leave of court, Penley filed an amended complaint alleging that she was disabled and of unsound mind for twenty (20) days following the accident, and that such disability tolled the statute of repose. Along with the amended complaint, Penley also filed an affidavit from her treating physician which stated that she was "incapable of working, tending to personal business, or taking care of herself" and was "mentally and physically disabled." After a hearing, the trial court granted Honda's motion for summary judgment on the basis that the action is time barred by the statute of repose set out in T.C.A. § 29-28-103 (Supp. 1998).

Penley appeals and presents the issue for review of whether the trial court erred in granting summary judgment. Honda presents an additional issue of whether the trial court erred in allowing the plaintiff to amend her complaint.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Id.*

---

[1]Penley filed this action against the Morrises on a negligence theory, but there has been no disposition of the case against them. The order granting summary judgment to Honda-defendants was made final pursuant to Tenn. R. Civ. P. 54.02.

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. ***Carvell v. Bottoms***, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. ***Bain***, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is ***de novo*** on the record before this Court. ***Warren v. Estate of Kirk***, 954 S.W.2d 722, 723 (Tenn. 1997).

In this case, it is undisputed that the Honda vehicle involved in Penley's injury was first purchased for use on May 23, 1987, that Penley's injury occurred on June 8, 1996, and this suit was filed June 6, 1997. The action against Honda is controlled by the Tennessee Products Liability Act of 1978 as codified in T.C.A. §§ 29-28-101 - 29-28-108 (1980 and Supp. 1998). *See* T.C.A. § 29-28-102(5)(6). Time limitations for filing such actions are provided for in T.C.A. § 29-28-103(a):

> (a) Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28-3-104, 28-3-105, 28-3-202 and 47-2-725, but notwithstanding any exceptions to these provisions it must be brought within six (6) years of the date of injury, in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption, or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter, except in the case of injury to minors whose action must be brought within a period of one (1) year after attaining the age of majority, whichever occurs sooner.

Penley asserts that the ten-year limitations period set out in T.C.A. § 29-28-103(a) is extended by virtue of her twenty day incapacity dating from the time of injury pursuant to T.C.A. § 28-1-106 (1980) which provides:

> **§ 28-1-106. Persons under disability on accrual of right. -** If the person entitled to commence an action is, at the time the cause of action accrued, either within the age of eighteen (18) years, or of unsound mind, such person, or his representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceed three (3) years, and in that case within three (3) years from the removal of such disability.

Although there may be a factual dispute as to whether Penley was, in fact, incapacitated under the provisions of T.C.A. § 28-1-106, we are required to take the strongest legitimate view of the evidence and thus assume for the purposes of summary judgment that Penley was so incapacitated. *See Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997).

Penley argues that these two statutes read together tolled the statute of repose and allowed her an extra twenty days, until June 12, 1997, to file suit. Honda counters that the TPLA means exactly what it says, that actions brought after ten years from purchase are absolutely barred.

This appears to be an issue of first impression in this state. The ten-year period provided for in T.C.A. § 29-

28-103(a) is a statute of repose. *Wyatt v. A-Best Products Co.*, 924 S.W.2d 98 (Tenn. App. 1995). In *Wyatt*, the Court discussed the operation and effect of a statute of repose:

> Courts in Tennessee have consistently pointed out the distinction between a statute of limitations and a statute of repose. The former has been described as affecting only a party's remedy for a cause of action, while the running of a statute of repose has been said to "nullif[y] both the remedy and the right." *Bruce v. Hamilton*, 894 S.W.2d 274, 276 (Tenn. App. 1993); *Via v. General Elec. Co.*, 799 F. Supp. 837, 839 (W.D. Tenn. 1992). Generally speaking, the critical distinction in classifying a statute as one of repose or one of limitations is the event or occurrence designated as the "triggering event," i.e., the event that starts the "clock" running on the time allowed for the filing of suit. In a traditional statute of limitations, the triggering event is typically the accrual of the action, i.e., when all the elements of the action, including injury or damages, have coalesced, resulting in a legally cognizable claim. A statute of repose, on the other hand, typically describes the triggering event as something other than accrual, prompting courts to note that such statutes are "entirely unrelated to the accrual of any action . . ." *Watts v. Putnam Co.*, 525 S.W.2d 488, 491 (Tenn. 1975); *Cronin v. Howe*, 906 S.W.2d 910, 913 (Tenn. 1995).
>
> Because a statute of repose sets the triggering event as something other than accrual, it can have the effect of barring a plaintiff's claim before it accrues, most typically before the plaintiff becomes aware of his or her injury. *See Cronin*, 906 S.W.2d at 913; *Bruce*, 894 S.W.2d at 276 ("A statute of repose is a substantive provision because it expressly qualifies the right which the statute creates by barring a right of action even before the injury has occurred if the injury occurs subsequent to the prescribed time period."). This possibility has prompted courts to hold that statutes of repose affect the substantive right of a party to bring suit, as well as the remedy. *Id.*

*Wyatt,* 924 S.W.2d at 102.

The legislature enacted the TPLA's statute of repose after determining that the rising number of products liability actions had dramatically increased the price of liability insurance for companies. The statute of repose was enacted with the following purpose:

> [T]o provide a reasonable time within which action may be commenced against manufactures, and/or sellers while limiting the time to a specific period of time for which product liability insurance premiums can be reasonably and accurately calculated; and to provide other changes to expedite early evaluation and settlement of claims. . . .

1978 Tenn. Pub. Acts 468-69.

Penley first asserts that her disability existed at the time her cause of action accrued, *see Foster v. Albright*, 631 S.W.2d 147, 150 (Tenn. App. 1982) (plaintiff disabled simultaneously with injury is considered to lack capacity at the time the cause of action accrued), and that the clear language of T.C.A. § 28-1-106 tolls the ten-year statute. She argues that the disability statute "represents a long-standing policy to protect causes of action of persons who are disabled due to minority or unsound mind." We do not disagree with this statement, but we do note that the legislature was surely aware of the provisions of the disability statute when it explicitly stated in T.C.A. § 29-28-103(a),

4

"but notwithstanding any exceptions to these provisions [the designated statutes of limitations] [the action] must be brought within six years of the date of injury, in any event, the action must be brought within ten years from the date on which the product was first purchased for use . . . ."

Penley suggests that the holding of the Supreme Court in *Sharp v. Richardson*, 937 S.W.2d 846 (Tenn. 1996), and the holding of this Court in *Bowers v. Hammond*, 954 S.W.2d 752 (Tenn. App. 1997) should persuade this Court that the disability statute tolls the TPLA ten-year statute of repose.  We must decline that sugg

In *Sharp*, the plaintiff sued the manufacturer of an orthopedic intermedullary rod under the products liability act and sued the physician who implanted the rod under the medical malpractice act.  In dealing with the products liability action, the issue on appeal was whether the one-year savings statute, T.C.A. § 28-1-105(a), was applicable to save an action which was initially filed within the one-year products liability statute of limitation and the six-year products liability statute of repose but later dismissed and refiled beyond the six-year statute of repose.  In holding that the savings statute applied to this factual situation, the Court reiterated the purpose of the products liability statute of repose and noted that the application of the savings statute in no way frustrated this purpose.  The Court s

> Since the plaintiff's suit was "commenced within the time limited by a rule or statute of limitation," and was concluded by an order of voluntarily dismissal without prejudice, its refiling was within the express terms and longstanding purpose and spirit of the savings statute -- to provide a diligent plaintiff with an opportunity to renew a suit that is dismissed by any judgment or decree that does not conclude the right of action.  Therefore, application of the savings statute in this case does not conflict nor frustrate either the letter or purpose of the products liability statute of repose.

*Sharp,* 937 S.W.2d at 850.

It is important to note that *Sharp* is distinguishable from the case at bar in two respects:  In *Sharp,* the Court was dealing with a statute of repose that begins to run upon the date of injury as the accrual of the cause of action, and the action was actually commenced within the time limited by the statute thus giving the manufacturer notice of a claim as the legislature envisioned.

In *Bowers,* the Court held that the infancy of the plaintiff tolled the medical malpractice statute of repose.  The three-year statute of repose in the medical malpractice act is linked inextricably to the injury involved and provides: "[i]n no event shall any action be brought more than three (3) years after the date on which the negligent act or omission occurred . . . ."  The six-year statute of repose in the TPLA and discussed in *Sharp* is analogous to the three-year medical malpractice statute of repose.  However, the TPLA ten-year statute of repose is much different.  The language in the TPLA ten-year statute of repose is unconcerned with the date of injury and instead prescribes a final termination date for all actions.

Also, the TPLA 10 year statute of repose is explicit in the exceptions to the statute. In determining the meaning and scope of a statute, we must construe the statute by looking to the words of the statute itself as we find it and not as we think it should be. *Neff v. Cherokee Ins. Co.*, 704 S.W.2d 1, 3 (Tenn. 1986). T.C.A. § 29-28-103 specifically excludes certain actions and allows tolling in the case of minority. Penley would also have this Court hold that disability tolls the statute of repose. We give consideration to the maxim *expressio unius est exclusio alterius*. Black's Law Dictionary explains this term as:

> A maxim of statutory interpretation meaning that the expression of one thing is the exclusion of another. . . . Mention of one thing implies exclusion of another. When certain persons or things are specified in a law, contract, or will, an intention to exclude all others from its operation may be inferred. **Under this maxim, if statute specifies one exception to a general rule or assumes to specify the effects of a certain provision, other exceptions or effects are excluded.**

**Black's Law Dictionary** 581 (6th ed. 1990); *see also Pryor Oldsmobile v. Motor Vehicle Comm'n.*, 803 S.W.2d 227 (Tenn. App. 1990).

Disability is not included in the three exceptions. This is persuasive that the legislature did not intend for the ten-year statute of repose to be tolled for disability or any other exception not found within the statute itself. Further, the stated purpose of T.C.A. § 29-28-103 is to give manufacturers a definitive period of time in which they must insure against product liability suits. By expanding the exceptions to the TPLA statute of repose, this Court would be subverting the purpose and intention of the legislature.

Penley next asserts that the products liability statute of repose found in T.C.A. § 29-28-103(a) allows a plaintiff injured in the tenth year after the product's sale one year from the date of injury in which to file suit. We deem this reading of the TPLA's statute of repose inapposite to the plain reading and purpose of the statute. There is nothing in the statute to indicate that the legislature intended to extend the stated "cap" of ten years for injuries that occur in the last year. However, such a provision is not unknown to the legislature, as indicated by the provisions of T.C.A. § 28-3-203(a) dealing with actions involving defects in improvements to real property. While the legislature provided for extra time in such actions, it did not choose to do so in products liability actions, obviously for the reason that such an extension would subvert the purpose of the legislation.

In the final analysis, we are required to construe T.C.A. § 29-28-103 in a manner that ascertains and gives effect to the intention and purpose of the legislature as expressed in the statute. *Westinghouse Elec. Corp. v. King*, 678 S.W.2d 19 (Tenn. 1984), *appeal dismissed*, 470 U.S. 1075, 105 S. Ct. 1830, 85 L. Ed.2d 131 (1985). Legislative intent must be ascertained from the natural and ordinary meaning of the statutory language read in the context of the entire statute without any forced or subtle construction which would extend or limit its meaning. *State*

6

*v. Butler*, 980 S.W.2d 359 (Tenn. 1998). *Moser v. Dep't. of Transp. of State of Tenn.*, 982 S.W.2d 864 (Tenn. App. 1998). The court must reconcile inconsistent or repugnant provisions of a statute and construe a statute so that no part is inoperative, superfluous, void, or insignificant. It must give effect to every word, phrase, clause, and sentence of the act in order to achieve the legislature's intent, and it must construe a statute so that no section will destroy another. *Tidwell v. Collins*, 522 S.W.2d 674, 676-77 (Tenn. 1975). A statute of repose exists solely to create a settled time when exposure to liability ceases. We find the statute to be unambiguous and for the reasons heretofore set out hold that the ten year statute of repose in T.C.A. § 29-28-103 is an absolute cap for the filing of a products liability action, subject to the exceptions set out in the statute.

Penley asserts that the TPLA's statute of repose is unconstitutional. Although Penley did not raise constitutional issues at the trial level, we will briefly discuss them on appeal. There is a strong presumption favoring the constitutionality of a legislative enactment. *Bozeman v. Barker*, 571 S.W.2d 279, 282 (Tenn. 1978). Whenever a statute's constitutionality is called into question, it is a court's duty to resolve all doubts in favor of the statute's validity. *Marion County Bd. v. Marion County Election Comm'n*, 594 S.W.2d 681, 684 (Tenn. 1980). The TPLA statute of repose has withstood many constitutional attacks. *See Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128 (6th Cir. 1986); *Wayne v. Tennessee Valley Auth.*, 730 F.2d 392 (5th Cir. 1984); *Mathis v. Eli Lilly & Co.*, 719 F.2d 134 (6th Cir. 1983); *Spence v. Miles Lab., Inc.*, 810 F. Supp. 952 (E.D. Tenn. 1992); *Stutts v. Ford Motor Co.*, 574 F. Supp. 100 (M.D. Tenn. 1983); *Hawkins v. D & J Press Co., Inc.*, 527 F. Supp. 386 (E.D. Tenn. 1981); *Buckner v. GAF Corp.*, 495 F. Supp. 351 (E.D. Tenn. 1979), *aff'd* 659 F.2d 1080 (6th Cir. 1981); *Jones v. Five Star Eng'g Inc.*, 717 S.W.2d 882 (Tenn. 1986); *Wyatt v. A-Best Products Co.*, 924 S.W.2d 98 (Tenn. App. 1995); *King-Bradwell Partnership v. Johnson Controls, Inc.*, 865 S.W.2d 18 (Tenn. App. 1993). In each of these challenges, the validity of T.C.A. § 29-28-103 has been upheld as a legitimate exercise of legislative authority.

Penley first attacks T.C.A. § 29-28-103 under the "Open Courts" provision of the Tennessee Constitution. Article I, Section 17 states :

> That all courts shall be open; and every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial, or delay. Suits may be brought against the state in such manner and in such courts as the Legislature may by law direct.

She argues that T.C.A. § 29-28-103 violates the "Open Courts" provision because persons injured during the tenth year of the statute of repose have a shorter time to file suit.

The Tennessee Supreme Court dealt with the issue of whether T.C.A. § 29-28-103 violates the "Open Courts"

7

provision in *Jones v. Five Star Eng'g, Inc.*, 717 S.W.2d 882 (Tenn. 1986). Upholding the TPLA statute of repose, the Supreme Court adopted the reasoning it used in *Harrison v. Schrader*, 569 S.W.2d 822 (Tenn. 1978) to uphold the statute of repose in the medical malpractice act. The *Harrison* Court noted that Article I, Section 17 has been judicially interpreted as "a mandate to the judiciary and not as a limitation upon the legislature." *Harrison*, 569 S.W.2d at 827.

The legislature has chosen to enact a statute of repose for products liability actions which imposes a specific cut off date for bringing actions regardless of when the injury occurs. *Wyatt v. A-Best Prod. Co.*, 924 S.W.2d 98, 107-08 (Tenn. App. 1995). "The hardship upon the person injured the day before the ten-year period expires is the necessary result of establishing a ceiling, 'Line-drawing' as such is 'peculiarly a legislative task and an unavoidable one.'" *Stutts v. Ford Motor Co.*, 574 F. Supp. 100, 104 (M.D. Tenn. 1983) (citations omitted). The authority clearly establishes that T.C.A. § 29-28-103 does not violate the "Open Courts" provision of the Tennessee Constitution.

Penley next contends that T.C.A. § 29-18-103 violates Article I, Section 8 or the "due process clause" of the Tennessee Constitution. Article I, Section 8 states:

> That no man shall be taken or imprisoned, or deseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers, or the law of the land.

Article I, Section 8 has been held synonymous with the due process clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution. *Daugherty v. State*, 216 Tenn. 666, 393 S.W.2d 739 (1965).

In *Mathis v. Eli Lilly & Co.*, 719 F.2d 134 (6th Cir. 1983), the Sixth Circuit Court of Appeals examined the TPLA's ten-year statute of repose and a due process challenge to its limitations. Plaintiff, Mathis, sought damages for personal injuries due to exposure to DES which she took while pregnant in May of 1955. She had no knowledge that the drug could cause cancer, and she discovered she had cancer in July 1980, some twenty-five years after the product was purchased and used. The trial court granted summary judgment on the basis of the ten-year statute of repose; T.C.A. § 29-28-103. She contended the application of the statute violated her due process rights because she was denied the opportunity to pursue a remedy for her injury. The Court noted that there is a permissible legislative object for the action of the legislature as expressed in the statute and that there is no due process violation involved. The Court found a rational relationship between this statute and the aims and goals expressed in the legislative preamble to the act. The Court held that the statute does not violate the due process requirements of the Fourteenth Amendment of the United States Constitution. In determining that the statute did not violate the Tennessee Constitution, the Court examined various Tennessee cases, including *Harrison v. Schrader*, *supra*, and stated: "[t]he specific constitutional challenges made in *Harrison v. Schrader*, *supra*, were not the same challenges made by appellants

in this case, but the general and broad language used by the court [to uphold the statute] seems, nevertheless, to address the due process challenges here." *Id.* at 143. There simply is not a due process violation in this case.

Finally, Penley argues that the statute violates Article XI, Section 8 of the Tennessee Constitution and the Equal Protection Clause of the Fourteenth Amendment. Article XI, Section 8 states:

> The Legislature shall have no power to suspend any general law for the benefit of any particular individual, nor to pass any law for the benefit of individuals inconsistent with the general laws of the land; nor to pass any law granting to any individual or individuals, rights, privileges, immunities, or exemptions other than such as maybe, by the same law extended to any member of the community, who may be able to bring himself within the provisions of such law. . . .

In *King-Bradwell Partnership v. Johnson Controls, Inc.*, 865 S.W.2d 18, 21-22 (Tenn. App. 1995), this Court dismissed an action on the basis that the injury occurred after the ten-year statute of repose ended, yet addressed the constitutionality of T.C.A. §29-28-103 on equal protections grounds. Although *dicta*, the Court correctly stated the law. The Court said:

> Assuming, however, that the Plaintiffs could have brought an action challenging the constitutionality of T.C.A. § 29-28-103, we nevertheless conclude such an attack must fail.
>
> *        *        *
>
> Under the [Equal Protection Clause of the] Fourteenth Amendment of the United States Constitution, a legislative action not affecting a suspect class or infringing upon a fundamental right is upheld if it is rationally related toward the advancement of any legitimate legislative interests of society. *See, e.g., Kochins, supra*. Fundamental rights include voting, privacy, interstate travel, and the freedoms of speech and association. *See generally* Ronald D. Rotunda & John E. Nowak, *Treatise on Constitutional Law: Substance & Procedure*, 2nd., Section 15.7 (1992). Suspect classifications are race, alienage, national origin, and sex. *See City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985). Clearly this matter involves neither a fundamental right nor a suspect class. Furthermore, the Supreme Court of Tennessee "has adopted a virtually identical equal protection standard or analysis under Article XI, Section 8 of the Tennessee Constitution." *Spence,* supra (citing *Kochins, supra*, and *Harrison, supra*).
>
> Thus, we need only determine that T.C.A. § 29-28-103 meets the minimal scrutiny requirements of the rational relations test. In so doing, we quote from *Spence, supra*, (at page 963):
>
>> [T]he statute represents public policy which affords plaintiffs what the legislature deems to be a reasonable time to present their claims; and it protects defendants and the courts from having to deal with stale cases where the search for the truth and justice may be seriously impeded by the death or disappearance of witnesses, fading memories, disappearance of documents or other loss of material evidence. *United States v. Kubrick*, 444 U.S. 111, 117, 100 S. Ct. 352, 357, 62 L. Ed. 2d 259 (1979). In the preamble to § 29-28-103, the Tennessee General Assembly stated that the purpose of the

9

statute of repose is to protect the public interest by making product liability insurance more readily available at a reasonable cost to manufacturers and sellers so that the cost of products may be lessened to consumers. The statute provides a reasonable time within which an action to recover damages may be commenced against a manufacturer or seller while limiting liability to a specific period of time so that product liability insurance premiums can be reasonably and accurately calculated. Ch. 703, Tenn. Pub. Acts 468-69; *Kochins*, 799 F.2d at 1139; *Mathis*, 719 F.2d at 139. The Tennessee statute of repose, then, was enacted for stated purposes. It is the role of the legislature, not this Court, to pass on the wisdom of that purpose. *Hargraves v. Brackett Stripping Machine Co.*, 317 F. Supp. 676, 683 (E.D. Tenn. 1970).

Penley's other constitutional argument that the statute's purpose in solving the products liability crisis is unreasonable is without merit. The Tennessee Supreme Court has previously ruled that this statute is "a legitimate exercise of legislative authority" thus ending debate on this issue. *Jones v. Five Star Eng'g Inc.*, 717 S.W.2d 882, 883 (Tenn. 1986).

The order granting summary judgment to the appellees is affirmed, and the case is remanded for such further proceedings as are necessary. Costs of appeal are assessed to the appellant.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**DAVID R. FARMER, JUDGE**