993 F.2d 1546
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mike HANEY, Plaintiff-Appellant,
v.
WEAN UNITED INTERNATIONAL, INC. and Wean, Incorporated,
Defendants-Appellees.
State of Tennessee, Intervenor-Appellee.
 No. 92-5595.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1993.
 
 Before KEITH and BATCHELDER, Circuit Judges, and TAYLOR, District Judge.*
 PER CURIAM:
 
 
 1
 Plaintiff-Appellant, Mike Haney ("Haney") appeals the district court's summary dismissal of this products liability action. For the reasons stated below, we AFFIRM.
 
 I.
 
 2
 The material facts of the case are not in dispute. In 1990, Haney was employed at the Murray-Ohio Manufacturing Company plant in Lawrenceburg, Tennessee. He operated a Warco 75-ton Press which was manufactured in 1949 by Federal Machine and Welder Company, the predecessor corporation of Wean United International, Inc. ("Wean, Inc."). On June 8, 1990, the press jammed, and Haney attempted to repair the machine. Haney disengaged the press by pulling out, away from the machine, an unguarded on-off button. While Haney was removing the jammed materials from the machine, his body came into contact with the unguarded control button, reactivating the press. The re-engaged press operated to cut off Haney's right arm.
 
 
 3
 Haney filed suit in the Tennessee Circuit Court, asserting claims pursuant to the Tennessee Products Liability Act. See Tenn.Code Ann. § 29-28-101 (1978). Wean, Inc. successfully removed the action to the United States District Court for the Middle District of Tennessee pursuant to the federal diversity statute. See 28 U.S.C. § 1332. Wean, Inc. then filed for summary judgment claiming that the Tennessee Statute of Limitations and/or Repose had expired. Tenn.Code Ann. § 29-28-103 (1980) provides that a products liability action must be brought:
 
 
 4
 within six (6) years of the date of the injury, [and in no event more than] ten (10) years from the date on which the product was first purchased for use or consumption ... except in the case of injury to minors, whose action must be brought within a period of one (1) year after attaining the age of majority....
 
 
 5
 Haney opposed the summary judgment motion arguing that this statutory provision denied him equal protection of the laws as mandated by the United States and Tennessee Constitutions. He also claimed that the operation of this statute denied him the right to a trial by jury pursuant to the Tennessee Constitution.
 
 
 6
 The district court granted Wean, Inc.'s motion for summary judgment dismissing each of Haney's challenges, adopting the magistrate's report and recommendation. The magistrate reasoned that this Court's decision in Kochins v. Linden-Alimack, Inc., 799 F.2d 1128 (6th Cir.1986), and the district court's decision in Stutts v. Ford Motor Co., 574 F.Supp. 100 (M.D.Tenn.1983), effectively resolve equal protection challenges to Tennessee's Statute of Repose. This timely appeal followed.
 
 II.
 
 7
 Having carefully considered the record and the issues presented in the appellate briefs and at oral argument, we find no error warranting reversal.[1] Therefore, we AFFIRM the summary judgment dismissal of the Honorable Thomas A. Higgins, United States District Judge for the Middle District of Tennessee, based upon his April 1, 1992, order.
 
 
 
 *
 The Honorable Anna Diggs Taylor, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 This Court further finds that Haney has cited no case authority which supports his reading of the Tennessee statute in regard to the time period within which product liability claims of minors must be brought, and we have found none. Furthermore, even if Haney could demonstrate that his interpretation of that statute is correct, we hold that Haney has not met his burden of demonstrating that there is no rational basis for the statute's differing treatment of minors and adults. Finally, as the magistrate judge and the district court found, the constitutionality of this statute has been upheld in the face of both equal protection and Seventh Amendment challenges