# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT NASHVILLE

HAROLD EUGENE SMITH,                          )
                                              )
        Plaintiff/Appellant,     )  **Davidson Circuit No. 95C-2036**
                                              )
VS.                                           )  **Appeal No. 01A01-9607-CV-00338**
                                              )
METROPOLITAN GOVERNMENT OF                    )
NASHVILLE AND DAVIDSON                         )
COUNTY, TENNESSEE, et al,                      )
                                              )
        Defendants/Appellees.    )

> **FILED**
>
> **January 15, 1997**
>
> **Cecil W. Crowson**
> **Appellate Court Clerk**

APPEAL FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE
THE HONORABLE HAMILTON V. GAYDEN, JR., JUDGE

**HAROLD EUGENE SMITH, pro se**
Nashville, Tennessee

**PAUL D. KRIVACKA**
**METROPOLITAN ATTORNEY**
Nashville, Tennessee
Attorney for Appellee Metropolitan Government
of Nashville and Davidson County

**GEORGE E. BARRETT**
**PHILLIP A. PURCELL**
**BARRETT, JOHNSTON & PARSLEY**
Nashville, Tennessee
Attorneys for Appellees Metropolitan Development
and Housing Agency, Gerald F. Nicely,
Bob Howard and Paul Jennings

**AFFIRMED**

                                      **ALAN E. HIGHERS, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**DAVID R. FARMER, J.**

Plaintiff Harold Eugene Smith, appearing pro se, appeals the trial court's final order which dismissed the Plaintiff's complaint against Defendants/Appellees Metropolitan Government of Nashville and Davidson County (Metro), Metropolitan Development and Housing Agency (MDHA), and two MDHA employees, Bob Howard (Howard) and Paul Jennings (Jennings). The trial court dismissed the Plaintiff's claims against Metro and MDHA based on the one-year statute of limitations contained in the Tennessee Governmental Tort Liability Act. See T.C.A. § 29-20-305(b) (Supp. 1992). Regarding the Plaintiff's other claims, the trial court entered summary judgment in favor of Howard and Jennings based on the affidavit, depositions, and documents filed in this case. For the reasons hereinafter stated, we affirm the trial court's dismissal of the Plaintiff's complaint.

This lawsuit arose out MDHA's efforts during the summer of 1992 to remove the Plaintiff and his possessions from property located at 521 Southgate Avenue in Nashville, Davidson County, Tennessee. The property formerly was owned by the Plaintiff's family but had been condemned by MDHA. The Plaintiff's complaint, filed June 27, 1995, contains the following factual allegations:

> 8. By letter dated April 17, 1992, Defendant Howard notified Plaintiff that Defendant MDHA was planning to purchase property located at 521 Southgate Avenue in Nashville, Davidson County, Tennessee. Defendant MDHA was acting pursuant to a Condemnation Ordinance passed by [Metro's] County Council, . . . . At the time the letter was received by Plaintiff, Plaintiff resided and had resided at 521 Southgate Avenue since 1975. Although Plaintiff did not hold legal title to the property, he was pursuing a lawsuit against his father, James A. Smith, in the Circuit Court of Davidson County, claiming an equitable interest in the property based on a resulting trust from his grandmother.

> 9. On numerous occasions, Plaintiff talked with Defendant Howard by telephone and attempted to obtain assistance for relocation. During these conversations, Defendant Howard was rude and condescending to Plaintiff, and on one occasion, Defendant Howard told Plaintiff that he was going to "throw your damn black, squatting ass out."

> 10. Defendant MDHA obtained title to the property at 521 Southgate Avenue on July 13, 1992, through a Court Order which did not become final until August 13, 1992. Plaintiff did not become aware of this change of title until July 13, 1992, when he received a letter from [MDHA's Executive Director] dated July 10, 1992, . . . . [The] letter informed Plaintiff that it was the intention of MDHA to remove all Plaintiff's possessions from the premises on July 14, 1992.

11. On July 14, 1992, Plaintiff filed a lawsuit in the Chancery Court for Davidson County seeking to enjoin MDHA from taking possession of the property located at 521 Southgate Avenue.

12. On July 14, 1992, and without any notice to Plaintiff, Defendant Jennings, acting on behalf of MDHA, obtained a criminal warrant against Plaintiff alleging that Plaintiff had committed the crime of criminal trespass. On July 15, 1992, Defendants Howard and Jennings, and several other unknown officers and employees of MDHA, executed the warrant and arrested Plaintiff at his home at 521 Southgate Avenue. Because Plaintiff could not post bond in the amount of $5,000.00, he remained in custody for approximately 36 hours, until General Sessions Judge Gale Robinson, Junior released Plaintiff on his own recognizance. On October 26, 1992, the State of Tennessee, through its Assistant District Attorney General, dismissed the criminal action against Plaintiff.

13. While Plaintiff was incarcerated, agents of the MDHA removed numerous possessions of Plaintiff from the property which, to this date, have not been returned to Plaintiff. This property included, but is not limited to, irreplaceable business records in the form of computer data, programs, correspondence, books, microfilm, video and audio tapes, compact discs, tools, computer and other [electronic] equipment, household furniture, appliances, personal clothing, and many childhood and family mementos.

14. Plaintiff then negotiated by and through his counsel Sam Lipshie with MDHA attorney George Barrett an agreement under which MDHA agreed to allow Plaintiff to recover what property was left at 521 Southgate Avenue prior to September 9, 1992. Despite this agreement, and in direct breach of this agreement, MDHA, on September 8, 1992, looted and bulldozed the premises at 521 Southgate Avenue, thereby causing the Plaintiff further and substantial harm and damages to his property.

Based on these factual allegations, the Plaintiff asserted claims against the Defendants for false arrest and false imprisonment, malicious prosecution and abuse of process, outrageous conduct and intentional infliction of emotional distress, and trespass to chattels and/or conversion. Metro responded by filing a motion to dismiss, contending that the Plaintiff's complaint failed to state a claim upon which relief could be granted, see T.R.C.P. 12.02(6), and that, in any event, the Plaintiff's claims were barred by the one-year statute of limitations contained in the Tennessee Governmental Tort Liability Act. See T.C.A. § 29-20-305(b) (Supp. 1992). The remaining Defendants also filed a motion to dismiss pursuant to rule 12.02(6) and, in the alternative, a motion for summary judgment. See T.R.C.P. 56.02.

3

After the trial court entered its final order granting the Defendants' motions and dismissing the Plaintiff's complaint, the Plaintiff filed a motion to set aside the trial court's final order. The trial court denied the Plaintiff's motion, and this appeal followed.

On appeal, the Plaintiff raises two procedural issues for review:

I.[Whether] the circuit court erred in allowing the admission into the trial record [of] the October 11, 1995, document entitled; "Reply Brief of Defendants MDHA, Howard and Jennings."

II.[Whether] the circuit court abused its authority in not setting aside its order which denied [the Plaintiff's] constitutionally guaranteed rights.

We first reject the Plaintiff's contention regarding the trial court's admission into the record of the October 11, 1995, Reply Brief because the record on appeal fails to reflect that the Plaintiff objected to admission of the brief below. The trial court conducted a hearing on the Defendants' motions to dismiss on October 13, 1995. On October 9, 1995, the Plaintiff filed a response to the Defendants' motions. According to the Plaintiff's brief on appeal, the Defendants MDHA, Howard, and Jennings filed the Reply Brief on October 11, 1995, two days before the hearing on the motions to dismiss. The Plaintiff contends that the trial court abused its discretion in considering the Defendants' Reply Brief at the October 13 hearing because the Defendants failed to serve this document upon the Plaintiff by 5:00 p.m., Wednesday, October 11, 1995, in violation of Local Rule 12. See Davidson County Cts. R. 12.04(e) (requiring that replies to responses to motions "be served on all other parties no later than 5:00 p.m. on the Wednesday before the Friday on which the motion is to be heard").

This issue is without merit. The record on appeal fails to contain either the October 11, 1995, Reply Brief or a transcript of the October 13, 1995, hearing during which the trial court allegedly considered the Reply Brief. Without such a record, we are unable to determine whether the trial court improperly admitted the Reply Brief at the hearing below or whether the Plaintiff raised a timely objection to its introduction. See State v. Boling, 840 S.W.2d 944, 951 (Tenn. Crim. App. 1992) (stating that, pursuant to T.R.A.P. 24(b), appellant has duty "to prepare a record which conveys a fair, accurate and complete

4

account of what transpired in the trial court with respect to the issues which form the basis of the appeal"); Barnhill v. Barnhill, 826 S.W.2d 443, 458 (Tenn. App. 1991) (holding that, where appellant failed to make appropriate objection at trial court level, issue was waived on appeal).

We also reject the Plaintiff's argument that the trial court's refusal to set aside the final order dismissing the Plaintiff's claims resulted in a denial of the Plaintiff's constitutional rights of due process and equal protection under the Tennessee and United States Constitutions. See U.S. Const. amends. V, XIV; Tenn. Const. art. I, § 8; Tenn. Const. art. XI, § 8. In making this argument, the Plaintiff contends that he is entitled to his day in court to have the case determined on its merits.

In dismissing the Plaintiff's claims, the trial court relied primarily on the one-year statute of limitations contained in the Tennessee Governmental Tort Liability Act.[1] Tennessee courts have repeatedly held that similar statutes of limitation and repose do not result in a denial of equal protection or due process rights under either the Tennessee or United States Constitutions. Jones v. Five Star Engineering, Inc., 717 S.W.2d 882, 883 (Tenn. 1986) (equal protection and due process); Harmon v. Angus R. Jessup Assocs., 619 S.W.2d 522, 524-25 (Tenn. 1981) (equal protection); Harrison v. Schrader, 569 S.W.2d 822, 824-27 (Tenn. 1978) (equal protection); Brown v. State, 928 S.W.2d 453, 455-56 (Tenn. Crim. App. 1996) (equal protection and due process). Additionally, such statutes do not violate the Tennessee Constitution's open courts provision, which provides

---

[1]Although the Plaintiff has not appealed the trial court's dismissal on substantive grounds, we note that the trial court's ruling on the statute of limitations defense appears to be correct. The events which formed the basis of the Plaintiff's complaint occurred in 1992, but the Plaintiff did not file his complaint until June 27, 1995. See T.C.A. § 29-20-305(b) (Supp. 1992) (providing that any action against a governmental entity "must be commenced within twelve (12) months after the cause of action arises").

We also agree with the trial court's ruling that the savings statute did not prevent dismissal of this action. See T.C.A. § 28-1-115 (Supp. 1995). The affidavit and materials filed in support of the motion for summary judgment indicated that the Plaintiff filed a similar action in federal district court in June 1993 and that the federal court, by order entered June 29, 1994, dismissed the Plaintiff's state-law claims "without prejudice for lack of jurisdiction." The savings statute provides that, "[n]otwithstanding any applicable statute of limitation to the contrary, any party filing an action in a federal court that is subsequently dismissed for lack of jurisdiction shall have one (1) year from the date of such dismissal to timely file such action in an appropriate state court." T.C.A. § 28-1-115 (Supp. 1995). This court previously has held, however, that the savings statute does not apply to actions against a governmental entity under the Tennessee Governmental Tort Liability Act. Webster v. Tennessee Bd. of Regents, 902 S.W.2d 412, 414-15 (Tenn. App. 1995); Nance v. City of Knoxville, 883 S.W.2d 629, 631-32 (Tenn. App. 1994).

that "all courts shall be open" and that "every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial, or delay." Harrison, 569 S.W.2d at 827 (quoting Tenn. Const. art. I, § 17); accord Five Star Engineering, 717 S.W.2d at 883; Harmon, 619 S.W.2d at 524.[2]

The judgment of the trial court is hereby affirmed. Costs on appeal are taxed to the Plaintiff, for which execution may issue if necessary.

 

_____
HIGHERS, J.

CONCUR:

_____
CRAWFORD, P.J., W.S.

_____
FARMER, J.

---

[2]We similarly conclude that the summary judgment procedure employed in this case did not violate the due process provisions of the Tennessee and United States Constitutions, or the open courts provision of the Tennessee Constitution. See, e.g., Father & Sons Lumber & Bldg. Supplies v. NLRB, 931 F.2d 1093, 1096 (6th Cir. 1991) (rejecting employers' contention that NLRB violated their due process rights by refusing to conduct evidentiary hearing after employers permitted default summary judgment to be entered against them). The summary judgment process "is designed to provide a quick, inexpensive means of concluding cases, in whole or in part, upon issues as to which there is no genuine dispute regarding material facts." Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn. 1993). On appeal, the Plaintiff has failed to articulate any genuine issue of material of fact requiring a trial on the merits in this case.