**IN THE COURT OF APPEALS OF TENNESSEE**
**EASTERN SECTION AT KNOXVILLE**

**FILED**

**July 24, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| MARY S. HOOPER, individually and as | ) | |
| surviving spouse and next of kin of | ) | |
| ROBERT HOOPER, deceased, | ) | KNOX CIRCUIT |
| | ) | |
| Plaintiff/Appellant | ) | |
| | ) | NO. 03A01-9703-CV-00103 |
| v. | ) | |
| | ) | |
| OWENS-CORNING FIBERGLAS | )_____ | HON. DALE C. WORKMAN, |
| CORPORATION, et al., | )_____ | JUDGE |
| | ) | |
| _____Defendants/Appellees | ) | AFFIRMED |

Michael Y. Rowland and Janet Edwards, Rowland & Rowland, P.C., Knoxville, for the Appellant

Dwight E. Tarwater, Thomas A. Bickers, Andrew R. Tillman, Knoxville, for the Appellees

**O P I N I O N**

INMAN, Senior Judge

This is an action for damages for wrongful death. The plaintiff alleged that her husband died of malignant mesothelioma caused by asbestos to which he was last exposed in 1962. He died on August 7, 1994, 32 years after his last exposure. This action was filed August 19, 1994 against various manufacturers of products containing asbestos. As relevant here, it was dismissed on motion for summary judgment which applied the bar of the statute of repose, T.C.A. § 29-28-103(a). The plaintiff appeals and presents for review the issue of whether the application of the statute of repose violates Article 1, Section 17 of the Constitution of Tennessee, the open courts provision. We hold that it does not and affirm the judgment.

Our review of this case is *de novo* on the record with no presumption of the correctness of the trial court's findings. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

T.C.A. § 29-28-103(a) provides as pertinent that:

> Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within . . . six (6) years of the date of injury, in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption, . . . [1]

The plaintiff argues that the latency period for mesothelioma exceeds the ten-year limitation and thus the statute operates to abolish her right to seek compensation for her husband's injury contrary to Article 1, Section 17 of the Constitution of Tennessee, which provides:

> That all courts shall be open; and every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law and right and justice administered without sale, denial, or delay.

The appellees respond that the statute was enacted in 1978 and has withstood repeated onslaughts, citing *Jones v. Five Star Engineering, Inc.*, 717 S.W.2d 882 (Tenn. 1986); *King-Bradwell Partnership v. Johnson Controls, Inc.*, 865 S.W.2d 18, 21 (Tenn. App. 1993.), *appeal denied* (Tenn. 1993); *Kochins v. Linden-Allmak, Inc.*, 790 F.2d 1128, 1140 (6th Cir. 1986); *Wayne v. Tennessee Valley Authority*, 730 F.2d 392 (5th Cir. 1984), *cert. denied*, 469 U.S. 1159 (1985); *Mathia v. Eli Lilly and Co.*, 719 F.2d 134 (6th Cir. 1983); *Spence v Miles Laboratories, Inc.*, 810 F. Supp. 952 (E.D. Tenn. 1992), *aff'd*, 37 F.3d 1185 (6th Cir. 1994); *Buckner v. G.A.F. Corp.*, 495 F. Supp. 351 (E.D. Tenn. 1979), *aff'd*, 659 F.2d 1080 (6th Cir. 1981).

In *Jones, supra*, our Supreme Court expressly adopted and approved the reasoning of the Sixth Circuit in *Kochins* in upholding the statute over due process challenges of the Federal and State Constitutions and the open courts provision of the Tennessee Constitution. *Jones* at 883; *Kochins*, 799 F.2d 1141.

---

[1]The limitation does not apply to an asbestos-related injury occurring after July 1, 1979. T.C.A. § 29-28-103(b); *Wyatt v. A-Best Prod. Co.*, 924 S.W.2d 98 (Tenn. App. 1995).

We agree with the appellees that a statute of repose cannot be re-examined on a case-by-case basis. As stated in *Jones:*

> Whenever the General Assembly enacts a statute of limitations or a statute of repose, there are bound to be cases lying just outside the line which the legislative body has drawn. This would be true whether the statute of repose fixed a ten-year period, as here, a three-year period as in *Harrison, supra*, a four-year period as in *Harmon, supra*, or any other prescribed period of time. The statute in question was enacted after lengthy debates and full consideration by the General Assembly. In our opinion, it represents a reasonable balancing of the conflicting interests and concerns with which the Legislature had to deal.

*Jones*, 717 S.W.2d at 883 (citing *Harrison v. Schrader*, 569 S.W.2d 822 (Tenn. 1978); *Harmon v. Angus R. Jessup Assoc., Inc.*, 619 S.W.2d 522 (Tenn. 1981).

This Court is not at liberty to revise the opinions of the Supreme Court, or to infringe the legislative function and prerogative. The judgment is affirmed at the costs of the appellant.[2]

_____
William H. Inman, Senior Judge

CONCUR:


_____
Houston M. Goddard, Presiding Judge


_____
Don T. McMurray, Judge

---

[2]The allegations as to latency, etc. are not supported by the record, *see Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993). As did the trial judge, we accept these allegations as true for the purpose of deciding the constitutional issue.