Martha HARMON et vir,
Plaintiffs-Appellants,

v.

ANGUS R. JESSUP ASSOCIATES, INC.,
et al., Defendants-Appellees.

Mrs. William A. JUSTICE,
Plaintiff-Appellant,

v.

ANGUS R. JESSUP ASSOCIATES, INC.,
et al., Defendants-Appellees.

Supreme Court of Tennessee,
at Nashville.

Aug. 3, 1981.

John T. Conners, Jr., Ben L. Roskin and Barbara J. Moss, Nashville, for plaintiffs-appellants.

J. C. Dale, Jr., Nashville, for Angus R. Jessup Associates, Inc.

John S. Bryant, R. Dale Grimes, Nashville, for Electro Motion Refrigeration Co.

Thomas I. Carlton, William Prentice Cooper, Jr., Nashville, for Kennon Const. Co.

James L. Fuqua, Jr., Hendersonville, for Rohrback & Hill Plumbing-Heating and Air Conditioning Co.

John R. Reynolds, Nashville, for Davis S. Welch.

William C. Moody, Nashville, for Buchi Plumbing Co.

Sylvia Ford Brown, Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen., Nashville, for intervenor-appellee.

## OPINION

HARBISON, Chief Justice.

The only issue on appeal in these consolidated cases is the constitutionality of T.C.A. §§ 28–3–201 through 205, prohibiting suits against architects, engineers, contractors and others engaged in the construction of improvements to real property after the lapse of four years from substantial completion. The trial judge held that the statutes were valid. We affirm his decision.

On May 18, 1978, plaintiff Mrs. Martha Harmon sustained severe personal injuries and the husband of plaintiff Mrs. William J. Justice received injuries from which he subsequently died when liquid ammonia from a refrigeration system at the place of their employment escaped from a storage tank in a separate refrigeration building. It leaked into the water drainage system running beneath a stairwell leading to the office area where the injured persons worked. Escaping fumes caused serious chemical burns to the persons for whom the suits were brought.

The actions were filed separately against a number of defendants who had been involved in the design, construction and installation of the employer's premises in 1966 and an addition to the refrigeration system in 1973. Substantial completion of both the original buildings and the addition had occurred more than four years before the date of the accident.

Numerous factual defenses were interposed by various defendants. In addition, all of the defending parties relied upon the statutes above referred to and insisted that the claims were barred thereunder. Appellants concede that the actions cannot be maintained if those statutes are valid.

■ One of the attacks upon these statutes can be disposed of very briefly. The statutes were first enacted in 1965. It is the insistence of appellants that the caption of the original public law was insufficient and that the body of the act was broader than the caption so as to render the entire original act invalid under Article II, Section 17, of the Tennessee Constitution. We do not deem it necessary to analyze the caption of the statute as originally enacted, because the statute was reenacted in its entirety as a part of Tennessee Code Annotated. It is well settled in this state that the subsequent reenactment and codification of the statutes eliminated any question concerning the original caption. *See Pace v. State*, 566 S.W.2d 861, 864 (Tenn.1978); *International Harvester Co. v. Carr*, 225 Tenn. 244, 466 S.W.2d 207 (1971); *McClellan v. State*, 199 Tenn. 60, 64, 282 S.W.2d 631 (1955); *How-*

*ard v. State,* 569 S.W.2d 861, 863 (Tenn. Crim.App.1978).

■ Equally without merit is the insistence that the statutes in question violate Article I, Section 17, of the Constitution requiring that courts be open and that every person have a remedy by due course of law. While the courts of some states have found similar legislation violative of comparable provisions of their local constitutions,[1] this issue was dealt with in detail by this Court in *Harrison v. Schrader,* 569 S.W.2d 822, 827 (Tenn.1978). There a statute placing an outside time limit upon the filing of claims against health care providers was held not to violate this provision of the state constitution, which has traditionally been interpreted as a mandate to the judiciary and not as a limitation upon legislative power. *Scott v. Nashville Bridge Co.,* 143 Tenn. 86, 223 S.W. 844 (1920).

Indeed the decision in *Harrison v. Schrader, supra,* is for all practical purposes dispositive of the remaining contentions of the appellants; that is, that the legislation in question deprives appellants of equal protection of the laws and constitutes invidious class legislation in violation of both the state and the federal constitutions.

■ With respect to the federal constitutional claim, the United States Supreme Court has twice dismissed appeals from state courts as not presenting a substantial federal question where the state courts have sustained legislation limiting the time within which actions may be filed against certain persons engaged in the construction business and in health care. *See Carter v. Hartenstein,* 248 Ark. 1172, 455 S.W.2d 918 (1970), *appeal dismissed,* 401 U.S. 901, 91 S.Ct. 868, 27 L.Ed.2d 800 (1971); *Woodward v. Burnham City Hospital,* 79 Ill.2d 295, 37 Ill.Dec. 558, 402 N.E.2d 560 (1979), *appeal dismissed,* 449 U.S. 807, 101 S.Ct. 54, 66 L.Ed.2d 11 (1980).[2]

In the latter case the Supreme Court of Illinois upheld the state's medical malpractice statute enacted in 1976 as not constituting invidious class legislation and as being reasonably related to a legitimate legislative purpose, despite the fact that that court earlier had invalidated similar legislation dealing with certain aspects of the construction industry. *Skinner v. Anderson,* 38 Ill.2d 455, 231 N.E.2d 588 (Ill. 1967).

Many of the courts which have invalidated such legislation as invidious class legislation have relied upon the *Skinner* case, *supra,* and its reasoning. The Illinois court concluded that since the legislation protected architects, engineers and contractors but did not protect landowners and materialmen, it was invalid.

■ With deference to the Illinois court and to the other courts which have followed its holding, we do not find its rationale persuasive. It seems to us that there is a substantial difference between landowners and tenants, who are excepted from the provisions of the Tennessee statutes, T.C.A. § 28–3–205(a), and those engaged in the designing and erection of a building. The duty of the landowner or tenant in possession to keep premises reasonably safe for third persons is a continuing one, whereas the work of the architect, design engineer and contractor ordinarily ceases with the completion of the building. Yet without limitations such as those provided in the subject statutes their exposure to tort claims could extend into the very distant future.

In *Harrison v. Schrader, supra,* the court found that a "medical malpractice crisis" justified the special legislation dealing with

---

1. *E. g., Overland Constr. Co. v. Sirmons,* 369 So.2d 572 (Fla.1979); *Saylor v. Hall,* 497 S.W.2d 218 (Ky.1973); *Kallas Millwork Corp. v. Square D Co.,* 66 Wis.2d 382, 225 N.W.2d 454 (1975); *Phillips v. ABC Builders, Inc.,* 611 P.2d 821 (Wyo.1980).

2. Perfection in statutory classifications is neither possible nor constitutionally required.

*Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976). The equal protection clause does not require a state legislature to choose between dealing with all aspects of a problem or not dealing with it at all. *Dandridge v. Williams,* 90 S.Ct. 1153, 25 L.Ed.2d 491, 397 U.S. 471 (1970).

health care providers sustained there. Likewise it is clear from the legislative history in the present case that the General Assembly was concerned with an unreasonable risk of indefinite exposure to claims by those engaged in the construction of buildings and other improvements on real property. The legislation involved here is reasonably related to that legislative concern, and the classification, in our opinion, rests upon a reasonable basis. Appellants concede that the General Assembly can reasonably prescribe outside limits for the filing of claims regardless of traditional concepts of the "accrual" of a cause of action in tort. Essentially they contend that four years is simply too short for this purpose. However, if three years is sufficient in the health care field, we believe that the General Assembly could fairly conclude that four years is reasonable with respect to construction and that most structural, design and construction defects resulting in injury should become apparent within that period (absent wrongful concealment, which is excepted from the statutory limitation. T.C.A. § 28–3–205(b)).

▇ The exclusion of materialmen, insofar as they may be excluded, does not, in our opinion, invalidate the legislation. In the first place, such a complaint would ordinarily be more appropriately asserted by an unprotected materialman than by a plaintiff suing contractors, engineers and architects. *See Norman v. Tennessee State Board of Claims*, 533 S.W.2d 719, 724 (Tenn. 1976) and cases cited therein. Secondly, in our opinion, ordinary materialmen and suppliers do not necessarily have the same types of risks and do not occupy the same status as those actually engaged in the designing and erection of buildings.[3] We are not persuaded by cases to the contrary cited by appellants.[4]

Unquestionably there is a decided split of authority in other jurisdictions regarding the validity of legislation such as this. For a collation of the authorities see *McClanahan v. American Gibsonite Co.*, 494 F.Supp. 1334, 1344 (D.Colo.1980). The greater number of decisions have sustained such statutes.[5] Among the cases cited and relied upon by appellants is *Muzar v. Metro Town Houses, Inc.*, 82 Mich.App. 368, 266 N.W.2d 850 (1978). That case, however, was very recently reversed by the Supreme Court of Michigan which, in several consolidated appeals, upheld Michigan statutes very similar to those involved in this case. *O'Brien v. Hazelet & Erdal*, 410 Mich. 1, 299 N.W.2d 336 (1980).

▇ The Tennessee statutes have been in force since 1965. While their constitutionality has not previously been directly attacked, the statutes have been frequently recognized and applied by both state and federal courts.[6] We are of the opinion that they were properly applied in the present case and that the judgment of the trial court in dismissing the actions was correct. Judgment accordingly is affirmed at the cost of appellants.

FONES, COOPER, BROCK and DROWOTA, JJ., concur.

3. *See, e. g.*, discussions of this subject in *Burmaster v. Gravity Drainage District No. 2*, 366 So.2d 1381 (La.1978); *Freezer Storage, Inc. v. Armstrong Cork Co.*, 476 Pa. 270, 382 A.2d 715 (1978).

4. *E. g., Fujioka v. Kam*, 55 Haw. 7, 514 P.2d 568 (1973); *Broome v. Truluck*, 270 S.C. 227, 241 S.E.2d 739 (1978); *Kallas Millwork Corp. v. Square D. Co.*, 66 Wis.2d 382, 225 N.W.2d 454 (1975).

5. In addition to cases not otherwise cited herein, see *Rosenburg v. Town of North Bergen*, 61 N.J. 190, 293 A.2d 662 (1972); *Howell v. Burk*, 90 N.M. 688, 568 P.2d 214 (App.1977); *Josephs v. Burns*, 260 Or. 493, 491 P.2d 203 (1971); *Hill v. Forrest & Cotton, Inc.*, 555 S.W.2d 145 (Tex. Civ.App.1977); *Good v. Christensen*, 527 P.2d 223 (Utah 1974); *Yakima Fruit and Cold Storage Co. v. Central Heating and Plumbing Co.*, 81 Wash.2d 528, 503 P.2d 108 (1972); *Smith v. Allen-Bradley Co.*, 371 F.Supp. 698 (W.D.Va. 1974).

6. *E. g., Watts v. Putnam County*, 525 S.W.2d 488 (Tenn.1975); *Johnson v. Oman Constr. Co.*, 519 S.W.2d 782 (Tenn.1975); *Leyen v. Dunn*, 62 Tenn.App. 239, 461 S.W.2d 41 (1970); *Harper v. Holiday Inns, Inc.*, 498 F.Supp. 910 (E.D. Tenn.1978), *aff'd mem.*, 633 F.2d 215 (6th Cir. 1980).