**Bert STUTTS and wife, Mary Dean Stutts, Plaintiffs,**

v.

**FORD MOTOR COMPANY, Defendant.**

**William M. Leech, Jr., Attorney General and Reporter for the State of Tennessee, Intervenor.**

No. 1–83–0027.

United States District Court, M.D. Tennessee, Columbia Division.

Nov. 2, 1983.

Charles Doerflinger, Lawrenceburg, Tenn., for plaintiffs.

John K. Maddin, Nashville, Tenn., for defendant.

William Hubbard and Kate Eyler, Asst. Atty. Gen., Nashville, Tenn., for intervenor.

## MEMORANDUM

WISEMAN, Jr., District Judge.

Plaintiff brought this action to recover for injuries he sustained while driving a tractor made by the defendant corporation. Defendant moved for summary judgment, based on the Tennessee Products Liability Act of 1978 which requires that a products liability action "must be brought within ten (10) years from the date on which the product was first purchased for use or consumption...." Tennessee Code Annotated § 29–28–103(a). Plaintiff responded to defendant's motion with a challenge to the constitutionality of the Tennessee Products Liability Act of 1978 [Act]. The Attorney General of the State of Tennessee filed a motion to intervene in order to defend the constitutionality of that statute.

The material facts do not appear to be in issue. The plaintiff, Bert Stutts, was injured while driving his Ford 4000 tractor when he drove over a slight depression previously made by the plow. When the front wheel of the tractor hit the furrow,

the steering wheel of the tractor spun so violently that it broke plaintiff's arm.

Affidavits show that plaintiff's Ford 4000 tractor was assembled on October 6, 1965, and was sold at retail on October 23, 1965. The product, then, "was first purchased for use or consumption" over 16 years before the plaintiff's injury. Defendant asserts that because plaintiff's action was not brought within ten years of the first sale, plaintiff's action is barred by T.C.A. § 29–28–103(a), which states:

*Limitation of actions—Exception.*—(a) Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28–3–104, 28–3–105, 28–3–202 and 47–2–725, but notwithstanding any exceptions to these provisions it must be brought within six (6) years of the date of injury, in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption, or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter, except in the case of injury to minors whose action must be brought within a period of one (1) year after attaining the age of majority, whichever occurs sooner.

Tenn.Code Ann. § 29–28–103(a) (1980).

Plaintiff challenges the constitutionality of the statute in three respects: (1) plaintiff says the Act violates the "Open Courts" provision of the Tennessee Constitution; (2) plaintiff claims that the title of the Act is defective under Article 2, section 17 of the Tennessee Constitution; and (3) plaintiff says the Act violates equal protection guaranties of both the Tennessee and United States constitutions.

As this action is one in which jurisdiction is dependent upon diversity of citizenship, this Court is bound by Tennessee statutory and case law in determining all issues in regard to the statute of limitations, except for issues grounded in federal constitutional law. *Buckner v. GAF Corp.*, 495

F.Supp. 351, 354 (1979), citing *Erie Railway Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1933); *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).

The Tennessee Supreme Court has not ruled on the constitutionality of T.C.A. § 29–28–101, *et seq.*, but the Court has sustained similar "ceiling" statutes of limitation that faced similar constitutional challenges. *See Harrison v. Schrader*, 569 S.W.2d 822 (Tenn.1978) (sustaining three-year ceiling on medical malpractice actions); *Harmon v. Angus R. Jessup Associates, Inc.*, 619 S.W.2d 522 (Tenn.1981) sustaining four-year limitation on suits against architects, engineers, and others for defective improvements to real estate).

Federal courts that have dealt with the Tennessee Products Liability Act and other acts containing "ceiling" provisions have found the statutes free of constitutional defect. *See Buckner v. GAF Corp.*, 495 F.Supp. 351 (E.D.Tenn.1979); *Hargraves v. Brackett Stripping Machine Company*, 317 F.Supp. 676 (E.D.Tenn.1970). And other courts have applied the ten-year ceiling on products liability actions in Tennessee without mentioning any constitutional questions. *See Wilson v. Dake Corp.*, 497 F.Supp. 1339 (E.D.Tenn.1980); *Hinton v. Tennessee River Pulp & Paper Co.*, 510 F.Supp. 180 (N.D.Ala.1981). Thus, the defendant claims, application of the ten-year ceiling is well-settled.

### I. Open Courts

Plaintiff alleges that the ten-year ceiling on products liability actions violates Article 1, section 17 of the Tennessee Constitution, which provides "[t]hat all courts shall be open; and every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law...." Tenn.Const. art. 1, § 17.

The court in *Harrison v. Schrader*, 569 S.W.2d 822 (Tenn.1978), sustained the three-year ceiling in medical malpractice actions, which also was challenged on Article 1, section 17 grounds. The court

stressed that the "Open Courts" provision has been interpreted by the court as a mandate to the judiciary, and not as a limitation on the legislature. 569 S.W.2d at 827, citing *Scott v. Nashville Bridge Co.*, 143 Tenn. 86, 223 S.W. 844 (1920). The court in *Harrison* quoted from *Barnes v. Kyle*, 202 Tenn. 529, 535–536, 306 S.W.2d 1, 4 (1957):

> The constitutional guaranty providing for open courts and insuring a remedy for injuries does not guaranty a remedy for every species of injury, but applies only to such injuries as constitute violations of established law of which the courts can properly take cognizance. (Quoting from 16A C.J.S. *Constitutional Law* § 709c, p. 1214).

569 S.W.2d at 827.

*Barnes v. Kyle* involved a petition of intervention by an attorney who was not a party to the original action but who claimed that the suit damaged her reputation as an attorney and her property right in the right to practice law. The Tennessee Supreme Court dismissed the petition for intervention and found that the attorney had suffered no legal injury protected by constitution, statute, or common law.

Although the *Barnes*-type injury appears distinguishable from that of the plaintiff in *Harrison* (whose wife became pregnant after he had a vasectomy but whose action was barred by a three-year medical malpractice ceiling), the court considered the "Open Courts" provision to refer to legal injuries of which the court can take notice. Because of the legislature's enactment of a statute barring the action, the courts cannot "properly take cognizance" of an injury or cause of action accruing after the statute of limitations has run.

The court in *Barnes v. Kyle* stated that "[t]he phrase 'an injury done him' necessarily means a legal injury, that is, a violation of his legal rights in some way, or a violation of law that affects him adversely." 202 Tenn. 529, 306 S.W.2d 1 (1957). Thus, the courts are open to those who suffer injuries as defined by constitution, statute, or common law. Thus, if the legislature chooses to classify some damage outside the realm of "legal injury," it may do so, as long as no other constitutional provision is violated. That is what is meant by the statement that Article 1, section 17 is a mandate to the judiciary and not the legislature. The legislature may limit access to the courts, but the judiciary may not.

The court in *Harrison* referred to statutes of limitations as "exclusively the creatures of the legislative branch of government." 569 S.W.2d at 827 (quoting *Carney v. Smith*, 222 Tenn. 472, 477, 437 S.W.2d 246, 248 (1969)). The court in *Harrison* said that policy justifies such limitation of actions and added:

> [t]he legislative body ... may weigh the conflicting interests between one person's right to enforce an otherwise valid claim and another person's right to be confronted with any claim against him [within a suitable time]. *Hargraves v. Brackett Stripping Machine Co.*, 317 F.Supp. 676, 682 (E.D.Tenn.1970) (discussing the constitutional soundness of the decision of this Court in *Jackson v. General Motors Corp.*, 223 Tenn. 12, 441 S.W.2d 482 [1969]).

569 S.W.2d at 827.

The *Harrison* court continued:

> Undeniably some hardship results from the application of this statute, but it is not the role of this Court to pass upon the wisdom or lack thereof of the legislation under review. In the absence of constitutional infirmity such matters are ones of policy solely for the legislature. *See Hargraves v. Brackett Stripping Machine Co., supra.*

569 S.W.2d at 828. Finding no constitutional infirmity, the court upheld the statute.

The Tennessee Supreme Court upheld a four-year limitation on actions for defective improvements to real property from attack under Article 1, section 17 in *Harmon v. Angus R. Jessup Associates, Inc.*, 619 S.W.2d 522 (Tenn.1981). In *Harmon* the Court relied on *Harrison v. Schrader* in dismissing the "Open Courts" challenge.

Also, the court refused to follow decisions from other states—including *Overland Construction Co. v. Sirmons*, 369 So.2d 572 (Fla.1979), cited by the plaintiff—that found similar "ceiling" statutes violative of comparable provisions of other state constitutions. 619 S.W.2d at 524.

The Tennessee Court of Appeals has found this ten-year limitation free from Article 1, section 17 challenge, and cited *Harrison* as the dispositive case. *Vulcan v. Petty Iron Works, Inc.*, Prod.Liab.Rep. (CCH) ¶ 9282 (Tenn.App.1982) at 22,042.

All courts that have considered the constitutionality of T.C.A. § 29–28–103 under Article 1, section 17 have deemed the statute constitutional. Also, the Supreme Court of Tennessee has considered many similar statutes of limitations and sustained them against "Open Courts" provision challenges. Plaintiff failed to show why T.C.A. § 29–28–103 merits a different ruling than similar "ceiling" statutes already considered.

II. *Defective Title*

Plaintiff's second major challenge is that T.C.A. § 29–28–101, *et seq.*, violates Article 2, section 17 of the Tennessee Constitution, which states:

Bills may originate in either House; but may be amended, altered, or rejected by the other. No bill shall become a law which embraces more than one subject, that subject to be expressed in the title. All acts which repeal, revive or amend former laws, shall recite in their caption or otherwise, the title of the law repealed, revived or amended.

Tenn. Const. art. 2, § 17.

Plaintiff claims that the Act is violative because the repose provision is not stated in the title and because the body of the Act embraces more than one subject. Plaintiff stresses that Article 2, section 17 was designed to prevent surprise and fraud in enactments. The title of § 29–28–101 *et seq.* does not mention the repose effect of § 29–28–103. Plaintiff adds that the Act is not listed in the Tennessee Code under Limitation of Actions. Plaintiff implies that persons will read the general statute of limitations (§ 28–3–104) alone and would have no way of knowing that § 29–28–103 imposes a ten-year ceiling.

The Court's role is not to rule upon the wisdom of legislative actions but to examine the constitutionality of the Act. Article 2, section 17 imposes two requirements. First, a bill is to embrace one subject that is expressed in the bill's title. Second, any act repealing or amending another act must state as much in the caption or title of the repealing act.

The Tennessee Products Liability Act of 1978 embraces the one subject mentioned in its title, that of products liability. It would be unreasonable to require that every important particularity of an act be mentioned in its title. The Tennessee Constitution makes no such requirement. As for the second requirement of Article 2, section 17, the Act does not repeal, alter, or amend T.C.A. § 28–3–104. In § 29–28–103, the limitation of actions provision of the Act, the general one-year statute of limitations (§ 28–3–104) is expressly mentioned as remaining in effect. The ten-year ceiling does not amend existing limitations but is superimposed upon them. *Hawkins v. D & J Press Co.*, 527 F.Supp. 386, 390 (E.D. Tenn.1981).

III. *Equal Protection*

Plaintiff asserts the Tennessee Products Liability Act of 1978 denies him equal protection of the laws in violation of both the Tennessee and United States Constitutions. First, plaintiff argues that the Act arbitrarily and unreasonably prejudices a plaintiff whose claim arises one day after rather than one day before the ten-year period has tolled. Second, plaintiff argues that the Act wrongly fails to distinguish among product liability claims on the basis of the anticipated useful life of the involved product. Third, plaintiff argues that the statute fails in its attempt to limit exposure to claims and to curb the cost of products liability insurance.

Plaintiff and defendant agree that the standard of review for this statute is a "reasonableness" standard. If there is a reasonable relation between the statutory classification and the statutory objective, the statute will be upheld. The statute in question seeks to relieve manufacturers and sellers from indefinite exposure to products liability claims and to stem the increasing cost of products liability insurance. The ten-year classification terminates exposure to products liability claims ten years after the original purchase date, thus cutting off claims arising long after the products have left the manufacturer's or seller's hands. Thus, the classification is rationally related to the statutory objective.

The hardship upon the person injured the day before the ten-year period expires is the necessary result of establishing a ceiling. "Line-drawing" as such is "peculiarly a legislative task and an unavoidable one." *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 314, 96 S.Ct. 2562, 2567, 49 L.Ed.2d 520, 525 (1976).

Plaintiff claims that the ten-year ceiling fails in its attempt to limit the cost of products liability insurance. Although the effectiveness of the ceiling in this respect has not been proved, the legislature had other goals in mind when it enacted the ceiling. Certainly the legislature intended to limit claims that would be difficult to prove due to the difficulty of finding witnesses with knowledge of events of ten years before. While the Act in itself will not effect lower premiums, there is a rational relationship between the Act and the objectives it seeks to attain. *Mathis v. Eli Lilly and Company*, 719 F.2d 134 (6th Cir.1983) (due process challenge to § 29–28–103 defeated).

As to the claim that the statute fails to separate claims based on anticipated product life, the equal protection clause merely requires a reasonable relation between the statutory classification and objective. The legislature is not required to choose between dealing with all aspects of the problem or -not dealing with it at all. *Dan-*dridge v. Williams*, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970).

Plaintiff claims that the ten-year ceiling violates the Tennessee Constitution, but fails to distinguish T.C.A. § 29–28–103 from similar ceiling statutes considered in *Harrison v. Schrader*, 569 S.W.2d 822 (three-year limit on medical malpractice claims), and *Harmon v. Jessup Associates*, 619 S.W.2d 522 (four-year limit on claims arising from defective improvements to real property). In both the latter cases, such ceilings were held not to violate the equal protection clause of the Tennessee Constitution.

Although the ten-year ceiling may impose hardship on an injured plaintiff, there is no constitutional infirmity. Defendant's motion for summary judgment will be granted and the suit dismissed with prejudice. An appropriate order will enter.