Joe Carroll JONES, Jr., et al.,
Plaintiffs/Appellants,

v.

FIVE STAR ENGINEERING, INC.,
Defendant/Appellee.

Supreme Court of Tennessee,
at Knoxville.

Oct. 6, 1986.

Robert L. Ogle, Jr., Sevierville, for plaintiffs/appellants.

James H. Ripley, Sevierville, for defendant/appellee.

W.J. Michael Cody, Atty. Gen. and Reporter, Stephanie Reevers, Asst. Atty. Gen., Nashville, for intervenor-appellee.

OPINION

HARBISON, Justice.

In this appeal the only issues presented concern the constitutionality of T.C.A. § 29–28–103, prohibiting actions against the manufacturer or seller of a product for personal injury or property damage brought more than ten years from the date on which the product was first purchased for use or consumption. The trial judge held that the statute did not violate any of the constitutional provisions relied upon by appellants. We affirm.

This action was instituted on December 30, 1981, seeking damages for the alleged wrongful death of Joe Jones, father of the appellants. The decedent had sustained fatal injuries while using a power-driven posthole digger manufactured by appellee. This equipment was first sold by appellee for commercial use on May 26, 1971, more than ten years prior to the institution of the suit. It had been loaned to a number of users and was in the possession of Bill Proffitt, the employer of the decedent, at the time of the accident described in the complaint.

Although in the trial court there were other issues presented as to other parties, the trial judge sustained a motion for summary judgment filed by appellee predicated upon the ten-year statute of repose above cited.

Although this Court has never dealt with the validity of the statute now under consideration, it has upheld similar statutes of repose applicable to medical malpractice actions and to persons engaged in the construction or improvement of real property. See Harrison v. Schrader, 569 S.W.2d 822 (Tenn.1978) and Harmon v. Angus R. Jessup Associates, Inc., 619 S.W.2d 522 (Tenn. 1981).

The constitutional issues, state and federal, presented in the present appeal are almost identical to those which were considered in detail by this Court in those two cases, and we see no need for repeating those discussions here. The medical malpractice statute was sustained against at-

tacks made under both the federal and state due process and equal protection provisions as well as one made under the state's "open courts" constitutional provision, Article I, § 17. Similar questions were presented with respect to T.C.A. §§ 28–3–201 to 205 in the *Harmon* case, *supra.* We deem the principles discussed and the holdings announced in those two cases to be dispositive of the similar questions presented on this appeal, and adhere to those decisions.

Since the decisions in those cases, the statute now under consideration has been considered by a number of United States trial and appellate courts, and those courts have uniformly upheld the statute as being a legitimate exercise of legislative authority. *See Wayne v. Tennessee Valley Authority,* 730 F.2d 392 (5th Cir.1984); *Mathis v. Eli Lilly and Company,* 719 F.2d 134 (6th Cir.1983); *Stutts v. Ford Motor Co.,* 574 F.Supp. 100 (M.D.Tenn.1983); *Hawkins v. D & J Press Co., Inc.,* 527 F.Supp. 386 (E.D.Tenn.1981); *Buckner v. GAF Corp.,* 495 F.Supp. 351 (E.D.Tenn.1979), *aff'd* 659 F.2d 1080 (6th Cir.1981).

At about the time the present case was argued before this Court, the United States Court of Appeals for the Sixth Circuit released its opinion in the case of *Kochins v. Linden-Alimak, Inc., et al.,* 799 F.2d 1128 (6th Cir.1986). In that case the court sustained summary judgment rendered in the trial court dismissing a products liability action on the basis of the ten-year statute under consideration here. The opinion in that case dealt at length with the equal protection argument under the Fourteenth Amendment urged by the appellant in the present case and held that the classification made by the Tennessee General Assembly in enacting the statute under consideration was neither unreasonable nor arbitrary. We agree with that analysis and also with the conclusion of the Court of Appeals for the Sixth Circuit that the statute of repose is rationally related to the stated purposes of the General Assembly in enacting the statute and reasonably furthers those purposes. The Court of Appeals for the Sixth Circuit correctly concluded that this Court would uphold the statute in light of our previous decisions in *Harrison* and *Harmon, supra.*

All of the arguments of the appellant in the present case have been considered in one or more of the cases previously cited, and all have been found not to warrant invalidation of the statute. Whenever the General Assembly enacts a statute of limitations or a statute of repose, there are bound to be cases lying just outside the line which the legislative body has drawn. This would be true whether the statute of repose fixed a ten-year period, as here, a three-year period as in *Harrison, supra,* a four-year period as in *Harmon, supra,* or any other prescribed period of time. The statute in question was enacted after lengthy debates and full consideration by the General Assembly. In our opinion it represents a reasonable balancing of the conflicting interests and concerns with which the Legislature had to deal.

The judgment of the circuit court is affirmed at the cost of appellants. The cause will be remanded to that court for the entry of any further orders which may be necessary.

BROCK, C.J., and FONES, COOPER and DROWOTA, JJ., concur.