IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 16, 2019 Session

## SHALEEN FOWLER, ET AL. v. MORRISTOWN-HAMBLEN HOSPITAL ASSOCIATION, ET AL.

**Appeal from the Circuit Court for Hamblen County**
**No. 2016-CV-101    Thomas J. Wright, Judge**

_____

**No. E2018-00782-COA-R3-CV**

_____

The plaintiffs, individually and as a proposed class action, alleged violations of Tennessee Code Annotated section 68-11-262.[1]   The defendants asserted as a defense that Tennessee Code Annotated section 1-3-119 precludes any private right of action under section 68-11-262.   Pursuant to Rule 24.04 of the Tennessee Rules of Civil Procedure, the plaintiffs submitted a notice of claim that the statute was unconstitutional and violated Article I, section 17 of the Tennessee Constitution.  The State of Tennessee was allowed to intervene in a limited capacity to defend the constitutionality of that statute.  In its consideration of the motion to dismiss for failure to state a claim upon which relief can be granted, the trial court held that the statute did not violate the "Open Courts" Clause of Article I, section 17.   This holding necessitated a finding that Tennessee Code Annotated section 68-11-262 did not give a private right of action and, therefore, the plaintiffs did not have a cause of action.   Accordingly, the motion to dismiss for failure to state a claim was granted and the plaintiffs' complaint was dismissed with prejudice in its entirety.   The plaintiffs now appeal the finding that Tennessee Code Annotated section 1-3-119 does not violate Article I, section 17 of the Tennessee Constitution.  The defendants challenge the trial court's decision that Plaintiffs fell within the meaning of "uninsured patient" in Tennessee Code Annotated section 68-11-262.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and RICHARD H. DINKINS, J., joined.

_____
[1] Although violations of the Tennessee Consumer Protection Act were also asserted, those claims are not addressed in this appeal.

F. Braxton Terry, Morristown, Tennessee, and W. Lewis Jenkins, Jr., Dyersburg, Tennessee, for the appellants, Shaleen Fowler and Melissa Turner Livesay.

George E. Koontz and Richard T. Klingler, Chattanooga, Tennessee, and F. Michael Fitzpatrick, Knoxville, Tennessee, for the appellees, Morristown-Hamblen Hospital Association and Covenant Health.

Herbert H. Slatery, III, Attorney General and Reporter, Andree Sophia Blumstein, Solicitor General, and Melissa Broadhag, Senior Assistant Attorney General, for the intervenor-appellee, State of Tennessee.

## OPINION

## I. BACKGROUND

Both Shaleen Fowler ("Appellant Fowler") and Melissa Turner Livesay ("Appellant Livesay") (collectively "Appellants") were involved in unrelated automobile accidents in 2014. Each of Appellants was treated at Morristown-Hamblen County Healthcare ("Morristown-Hamblen") for their injuries. Covenant Health ("Covenant") (collectively with Morristown-Hamblen as "Appellees") performs all billing and collection for patients who receive services at Morristown-Hamblen. Each of Appellants was treated as an "uninsured person" within the meaning of that term in Tennessee Code Annotated section 68-11-262. They allege that Appellees charged them in excess of the statutory rate applicable to uninsured persons in violation of section 68-11-262, which provides in part as follows:

> (a) Each healthcare facility licensed under this chapter shall be prohibited from requiring an uninsured patient to pay for services in an amount that exceeds one hundred seventy-five percent (175 %) of the cost for the services provided, calculated using the cost to charge ratio in the most recent joint annual report.
>
> (b) As used in this section, the following terms shall have the meaning indicated:
>
> ***
>
> (3) "Uninsured patient" means a person with no public or private source of payment for medical services, including, but not limited to, [M]edicare, TennCare, a contract of insurance, an employer-sponsored health

- 2 -

plan, or other enforceable obligation under which a person is responsible for payment for healthcare services provided to the patient. . . .

Tenn. Code Ann. § 68-11-262.[2]

In response to Appellants' complaint in this matter, Appellees filed a motion to dismiss for failure to state a claim on which relief can be granted pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure. They asserted, *inter alia*, that "(a) the [Appellants] have failed to plead facts sufficient to bring them within the scope of Tenn. Code Ann. § 68-11-262; … (c) even if the [Appellants] are within the scope of Tenn. Code Ann. § 68-11-262, there is no private right for recovery under Tenn. Code Ann. § 68-11-262; …." Appellants responded that the Tennessee Rules of Civil Procedure only require a plaintiff asserting a violation of a statute refer to the statute and that there is no requirement to show detailed factual allegations a plaintiff falls within the coverage of a statute. Appellants further argued that there is an implied private right of action in Tennessee Code Annotated section 68-11-262 because uninsured persons are the direct and intended beneficiaries of the statute pursuant to precedent set by our Supreme Court.[3] One of the central disagreements between the parties at this point was whether recovery from tort damages falls within the meaning of "payment for medical services" under section 68-11-262. Appellees noted that Appellants received settlements from the insurors of the tortfeasors in their respective automobile accidents. According to Appellees, a patient who has been injured by a tortfeasor has an "enforceable obligation" under which the tortfeasor is required to pay for medical services rendered to a patient. Appellees argued that a person is "uninsured" under section 68-11-262 only if there is no source of payment for healthcare services.

As to Appellees' later claimed defense that Tennessee Code Annotated section 1-3-119 precludes a private right of action in this case, Appellants, pursuant to Rule 24.04 of the Tennessee Rules of Civil Procedure, submitted a notice of claim that section 1-3-119 is unconstitutional and violates the Open Courts Clause in Article I, section 17 of the Tennessee Constitution.

---

[2] The statute was passed by the legislature in 2005, 2005 Pub. Acts, c. 474, § 27.

[3] Appellants argue that the three factor analysis of *Brown v. Tennessee Title Loans, Inc.*, 328 S.W.3d 850, 855 (Tenn. 2010) is applicable. The *Brown* Court stated that "[i]f a statute does not expressly create a private right of action, our next inquiry is whether the legislature otherwise indicated an intention to imply such a right in the statute. In this analysis, we look to the statutory structure and legislative history. Appropriate factors to consider include (1) whether the party bringing the cause of action is an intended beneficiary within the protection of the statute, (2) whether there is any indication of legislative intent, express or implied, to create or deny the private right of action, and (3) whether implying such a remedy is consistent with the underlying purposes of the legislation." *Id.*

Tennessee Code Annotated section 1-3-119, passed by the legislature in 2012, provides as follows:

(a) In order for legislation enacted by the general assembly to create or confer a private right of action, the legislation must contain express language creating or conferring the right.

(b) In the absence of the express language required by subsection (a), no court of this state, licensing board or administrative agency shall construe or interpret a statute to impliedly create or confer a private right of action except as otherwise provided in this section.

(c) Nothing in this section shall be construed in any way to impair the ability of a court to:

(1) Recognize a private right of action that was recognized before July 1, 2012, by the courts of this state as arising under a statute, unless the statute is amended after July 1, 2012, to expressly bar the private right of action;

(2) Create or confer a private right of action in the absence of a controlling statute on each cause of action contained in the complaint if such action is based on the common law;

(3) Utilize the doctrine of negligence per se; or

(4) Recognize a private right of action commenced by a state or local governmental entity to collect any fees owed for a governmental service or to recover such fees from a party that is obligated to bill and collect fees owed others for a governmental service.

(d) Nothing in this section shall be construed in any way to impair the ability of a state or local regulatory or licensing agency to enforce rules pursuant to the Uniform Administrative Procedures Act, compiled in title 4, chapter 5, if such rules were duly enacted through the rulemaking authority granted to any such agency by statute.

Tenn. Code Ann. § 1-3-119.[4]  Article I, section 17 of the Constitution of the State of Tennessee reads in part as follows:

That all courts shall be open; and every man, for an injury

---

[4] 2012 Pub. Acts, c. 759, § 1.

done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial, or delay.

Tenn. Const. Art. 1, § 17.

The trial court issued an order allowing the State of Tennessee to intervene for the limited purpose of defending the constitutionality of section 1-3-119. In the meantime, the court ruled on the motion to dismiss. In its order, the court held that recovery for tort damages does not constitute a "payment for medical services" within the meaning of that term under section 68-11-262. Additionally, the trial court ruled that "the availability of third-party liability insurance to pay tort damages does not remove an otherwise 'uninsured patient' from the coverage of Tenn. Code Ann. § 68-11-262." As a secondary matter, the trial court also found that "if the payment source a person possesses under Tenn. Code Ann. § 68-11-262 is exhausted, such as with med-pay benefits, then the person becomes an 'uninsured patient' for any balance upon exhaustion of the payment source." The court otherwise reserved for further hearing the issues of whether a private cause of action to enforce section 68-11-262 exists and the constitutionality of section 1-3-119.

After the State entered an appearance and defended the constitutionality of section 1-3-119, the trial court issued an order finding that the statute did not violate the Open Courts Clause of Article 1, section 17 of the Tennessee Constitution. The court further determined that no private right of action exists under section 68-11-262 because that same statute does not have express language conferring such a right. Additionally, the trial court noted that a cause of action does not exist under the common law. Therefore, the court granted the motion to dismiss and dismissed the case in its entirety with prejudice. Appellants timely filed this appeal.

## II. ISSUES

Appellants raise one issue for review which we have restated as follows:

> A. Whether the trial court erred in holding Tennessee Code Annotated section 1-3-119 does not violate Article I, section 17 of the Tennessee Constitution.

Appellees present an additional issue for review "[i]f, but only if, this [c]ourt reverses the [trial court]'s Order upholding the constitutionality of T.C.A. § 13-119 and dismissal of the Complaint." We have restated the issue as follows:

> B. Whether the trial court erred in its interpretation of

Tennessee Code Annotated section 68-11-262 and its determination that Appellants were within the meaning of "uninsured patient" under that statute.

## III.  STANDARD OF REVIEW

The case below was dismissed with prejudice pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure.  "A trial court should grant a motion to dismiss only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Webb v. Nashville Area Habitat for Humanity, Inc.,* 346 S.W.3d 422, 426 (Tenn. 2011) (internal quotation marks omitted).  The level of scrutiny we employ when reviewing a dismissal for failure to state a claim upon which relief can be granted is the same as the trial court; the appellate court must take the allegations in the complaint as true and the complaint must be construed in favor of the nonmoving party. *Hardy v. Tournament Players Club at Southwind Inc,.* 513 S.W.3d 427, 430 (Tenn. 2017); *See also Webb*, 346 S.W.3d at 426.  Issues of constitutional interpretation are questions of law, which we review *de novo* without any presumption of correctness given to the legal conclusions of the courts below.  *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 836 (Tenn. 2008).

## IV.  DISCUSSION

On the issue of constitutionality of a statute, our Supreme Court has indicated as follows:

> It is well-settled in Tennessee that "courts do not decide constitutional questions unless resolution is absolutely necessary to determining the issues in the case and adjudicating the rights of the parties." *State v. Taylor*, 70 S.W.3d 717, 720 (Tenn. 2002) (citing *Owens v. State,* 908 S.W.2d 923, 926 (Tenn. 1995)). Our charge is to uphold the constitutionality of a statute wherever possible. *State v. Pickett*, 211 S.W.3d 696, 700 (Tenn. 2007). "In evaluating the constitutionality of a statute, we begin with the presumption that an act of the General Assembly is constitutional." *Id*. (quoting *Gallaher v. Elam*, 104 S.W.3d 455, 459 (Tenn. 2003)); *see also Vogel v. Wells Fargo Guard Servs.*, 937 S.W.2d 856, 858 (Tenn. 1996) ("A statute comes to a court 'clothed in a presumption of constitutionality [since] the Legislature does not intentionally pass an unconstitutional act.'" (quoting *Cruz v. Chevrolet Grey Iron, Div. of Gen.*

*Motors Corp.*, 398 Mich. 117, 247 N.W.2d 764, 766 (1976)) (alteration in original)). The presumption of constitutionality applies with even greater force when a party brings a facial challenge to the validity of a statute. *Gallaher*, 104 S.W.3d at 459. In such an instance, the challenger must establish that no set of circumstances exists under which the statute, as written, would be valid. *Lynch v. City of Jellico*, 205 S.W.3d 384, 390 (Tenn. 2006) (quoting *Davis-Kidd Booksellers, Inc. v. McWherter*, 866 S.W.2d 520, 525 (Tenn. 1993)); *United States v. Salerno*, 481 U.S. 739, 745, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987).

*Waters v. Farr,* 291 S.W.3d 873, 882 (Tenn. 2009). Additionally, the Supreme Court has clarified that "[i]n contrast to a facial challenge, which involves the constitutionality of the statute as written, [a]n as applied challenge to the constitutionality of a statute is evaluated considering how it operates in practice against the particular litigant and under the facts of the instant case, not hypothetical facts in other situations." *Hughes v. Tenn. Bd. of Prob. & Parole*, 514 S.W.3d 707, 712 (Tenn. 2017) (quoting *State v. Crank*, 468 S.W.3d 15, 24 n.5 (Tenn. 2015)) (internal citations omitted). In the instant case, Appellants assert an as-applied challenge to the constitutionality of Tennessee Code Annotated section 1-3-119 and argue that the statute violates the Open Courts Clause contained within Article I, section 17 of Tennessee Constitution (hereinafter referred to as "Open Courts Clause").

Our Supreme Court has addressed the Open Courts Clause on numerous occasions. In *Scott v. Nashville Bridge Co.*, 143 Tenn. 86, 223 S.W. 844 (1919), the Court stated that the "provision of section 17 of article 1 of our State Constitution is a mandate to the judiciary, and was not intended as a limitation of the legislative branch of the government." 143 Tenn. at 117. Additionally, the Court in *Harrison v. Schrader*, 569 S.W.2d 822 (Tenn. 1978) further elaborated on this issue and stated that "[t]he constitutional guaranty providing for open courts and insuring a remedy for injuries does not guaranty a remedy for every species of injury, but applies only to such injuries as constitute violations of established law of which the courts can properly take cognizance." 549 S.W.2d at 827 (citing *Barnes v. Kyle*, 202 Tenn. 529, 535-536, 306 S.W.2d 1, 4 (1957) (internal quotations omitted)); *See also Harmon v. Angus R. Jessup Assocs., Inc.*, 619 S.W.2d 522, 524 (Tenn. 1981) (upholding the constitutionality of Tenn. Code Ann. §§ 28-3-201 through 205 and reiterating its analysis in *Harrison*), *Jones v. Five Star Eng'g, Inc.*, 717 S.W.2d 882, 882-82 (Tenn. 1986) (reaffirming its analysis in both *Harrison* and *Harmon*).

In general, the General Assembly of Tennessee has broad powers to alter, amend, and abolish statutory and common law rights. *See, e.g., Mills v. Wong*, 155 S.W.3d 916, 922-23 (Tenn. Ct. App. 2005); *see also Nichols v. Benco Plastics, Inc.*, 225 Tenn. 334,

469 S.W.2d 135 (1971). Additionally, the legislature has the broad authority to determine which rights are personal in nature and enforceable through a private cause of action. *See generally Smith v. Pratt*, No. M2008-01540-COA-R9-CV, 2009 WL 1086953 at *5-6 (Tenn. Ct. App. Apr. 22, 2009), *Brumit v. Summar*, No. 01A01-9703-CV-00109, 1997 WL 764496 at *2 (Tenn. Ct. App. Dec. 12, 1997).

In Appellants' argument that section 1-3-119 **does** violate the Open Courts Clause, they rely on a decision by our Supreme Court in *Townsend v. Townsend*, 7 Tenn. 1 (1821) and a law review article by former Justice William C. Koch.[5] They assert that the Open Courts Clause is a mandate, not only to the judiciary, but to the legislature as well. The language in *Townsend* reads as follows:

> Our State Constitution, Art. 11, section 7, ordains "that all courts shall be open, and every man for an injury done him in his lands, goods, person, or reputation, shall have remedy by course of law, and right and justice administered without sale, denial, or delay."[6] This clause relates to every possible injury which a man may sustain and which affects him in respect to his real or personal property, or in respect to his person or reputation, and includes the right which is vested in him to demand the execution of a contract; which being a personal right to a chattel is, when performance is denied or withheld, an injury to him in his goods or chattels. And with respect to it right and justice is to be done, without sale, denial, or delay. In Magna Charta this restriction is upon royal power; in our country it is upon legislative and all other power. We must understand the meaning to be that, notwithstanding any act of the Legislature to the contrary, every man shall have "right and justice" in all cases, "without sale, denial, or delay."

*Id*. at 14. Appellants further argue that "to the extent that *dicta* in *Scott v. Nashville Bridge Co.*, 223 S.W. 844 (Tenn. 1920) conflicts with the rule in *Townsend*, *Scott* is not binding authority on this point or should be overruled."

Appellants' arguments are not compelling. Even if the language set out in *Scott* is merely dicta, that language has been reiterated and reechoed through multiple cases to become the framework that guides us today. *See Harrison*, 569 S.W.2d at 827, *Harmon*,

---

[5] William C. Koch, Jr., *Reopening Tennessee's Open Courts Clause: A Historical Reconsideration of Article I, Section 17 of the Tennessee Constitution*, 27 U. Mem. L. Rev. 333, 450 (1997).
[6] This language is from the original "Open Courts" provision in the 1796 Tennessee constitution and has almost identical to the current language set out in Art. I, section 17.

619 S.W.2d at 524, *Jones*, 717 S.W.2d at 882-82. The decisions in *Scott* and its progeny, as set out above, are the current framework we must follow. The arguments advanced by Appellants simply do not comport with this framework and are not supported by precedent in Tennessee case law. Any deviation from this framework is not in our discretion; our Supreme Court is the proper judicial body to consider any change in this precedence.[7]

In *Smith v. Pratt*, this court addressed strikingly similar arguments to those advanced by Appellants in the case at bar. There, as here, we explained that those arguments are not supported by the Open Courts Clause case law and current precedent in Tennessee. 2009 WL 1086953 at *5. We also noted that the Open Courts Clause is not a limitation upon the legislature. *Id.*; *see also Harrison*, 569 S.W.2d at 827. We reiterated that

> The constitutional guaranty providing for open courts and insuring a remedy for injuries does not guaranty a remedy for every species of injury, but applies only to such injuries as constitute violations of established law of which the courts can properly take cognizance.

*Id.* (quoting B*arnes*, 306 S.W.2d at 4 (quoting 16A C.J.S. *Constitutional Law* § 709c)); *see also Harmon*, 619 S.W.2d at 524). As noted in *Smith*, "the [Open Courts Clause] tells courts they must provide remedies for legally defined injuries, but does not limit a legislature's power to define what is and is not an 'injury.'" *Id.* (quoting David Schuman, *The Right to a Remedy*, 65 TEMP. L. REV. 1197, 1206 (1992)). Thus, we maintain that the Open Courts Clause is a mandate solely to the judiciary to provide remedies to properly recognized causes of actions. In the instant case, the trial court correctly held that the statute under review is not unconstitutional and that there is no statutory nor common law cause of action. Therefore, Appellants do not have a cause of action and the motion to dismiss was proper.

Because we affirm the trial court's upholding of the constitutionality of the statute, which has the effect of disposing of the instant case in its entirety, it is not necessary to discuss the construction of section 86-11-262 given to it by the trial court. The issue of whether Appellants fall within the "uninsured patient" language of that statute is pretermitted.

---

[7] Appellees note in their brief that the Supreme Court has declined to review a number of cases pertaining to the Open Courts Clause. *Dellinger v. State of Tennessee*, No. E2013-02094-CCA-R3-ECN, 2015 WL 4931576 at *15-16 (Tenn. Crim. App. Aug. 18, 2015); *Citimortgage, Inc. v. Drake*, 410 S.W.3d 797, 807 (Tenn. Ct. App. 2013); *Estate of Schultz v. Munford, Inc.*, 650 S.W.2d 37 (Tenn. Ct. App. 1982).

## V. CONCLUSION

For the reasons stated above, we affirm the decision of the trial court. The case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellants, Shaleen Fowler and Melissa Turner Livesay.

_____
JOHN W. MCCLARTY, JUDGE