FILED
DEC 1 2 2024
Clerk of the Appellate Courts
Rec'd By

IN THE SUPREME COURT OF TENNESSEE
SPECIAL WORKERS' COMPENSATION APPEALS PANEL
AT JACKSON
Assigned on Briefs August 19, 2024

# BRAD WIGDOR v. ELECTRIC RESEARCH & MANUFACTURING COOPERATIVE, INC. ET AL.

**Appeal from the Workers' Compensation Appeals Board
Court of Workers' Compensation Claims
No. 2022-07-0416, Robert V. Durham, Judge**

---

### No. W2023-01733-SC-R3-WC – Mailed September 30, 2024

---

Brad Wigdor brings this appeal challenging the facial constitutionality of several aspects of the Workers' Compensation Reform Act of 2013. The appeal has been referred to the Special Workers' Compensation Appeals Panel pursuant to Tennessee Supreme Court Rule 51. Because we conclude that Wigdor's constitutional arguments lack merit, we affirm.

**Tenn. Code Ann. § 50-6-217(a)(2)(B) Appeal as of Right;
Decision of the Workers' Compensation Appeals Board Affirmed**

W. MARK WARD, SR. J., delivered the opinion of the court, in which JEFFREY S. BIVINS, J., and VANESSA A. JACKSON, SR. J., joined.

Charles L. Holliday, Jackson, Tennessee, for the appellant, Brad Wigdor.

R. Dale Thomas and Meredith J. Maroney, Jackson, Tennessee, for the appellees, Electric Research & Manufacturing Cooperative, Inc. and Sentry Casualty Company.

Jonathan Skrmetti, J. Matthew Rice, and Mara Cunningham, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

On May 7, 2021, Brad Wigdor suffered a dislocated patella in his right knee when he slipped and fell on oil while working at Electric Research & Manufacturing Cooperative, Inc. There is no dispute that this was a compensable injury. Wigdor

underwent surgery to repair the patella and remove several loose chondral bodies.

Unfortunately, Wigdor continued to suffer significant swelling and pain. His physician, Dr. Jason Hutchison, diagnosed him with complex regional pain syndrome (CRPS). Wigdor began physical therapy and a series of lumbar nerve blocks. His condition eventually improved, and Dr. Hutchison placed him at maximum medical improvement on February 9, 2022. Dr. Hutchison released Wigdor to return to work with no restrictions.

Dr. Hutchison, however, did give Wigdor a five percent whole body impairment rating because of his injuries. Wigdor challenged this impairment rating through an independent medical examination conducted by Dr. Samuel Chung. Dr. Chung concluded that Wigdor should be given a nine percent whole body impairment. Wigdor's employer then requested an evaluation through a Medical Impairment Rating Registry ("MIRR") physician. The MIRR physician, Dr. Michael Calfee, ultimately found a five percent whole body impairment.

Wigdor appealed Dr. Calfee's determination by filing a Petition for Benefit Determination with the Court of Workers' Compensation Claims. An MIRR impairment determination is presumptively correct and can only be overcome by clear and convincing evidence. *See* Tenn. Code Ann. § 50-6-204(d)(4). Wigdor also challenged the facial constitutionality of several aspects of the 2013 Workers Compensation Reform Act.

The Court of Workers' Compensation Claims found no evidence raising any serious doubt about Dr. Calfee's five percent impairment rating. Based on that impairment rating, the court awarded Wigdor a lump sum of $15,426.25 along with associated medical expenses. The Court of Workers' Compensation Claims concluded that it lacked jurisdiction to consider Wigdor's constitutional claims. *See Pope v. Nebco of Cleveland, Inc.*, 585 S.W.3d 874, 881 (Tenn. Workers' Comp. Panel 2018) (explaining that administrative agencies lack the authority to determine the facial constitutionality of a statute).

Wigdor appealed to the Workers' Compensation Appeals Board. Wigdor did not dispute Dr. Calfee's impairment rating before the Board. Rather, he only reasserted his arguments challenging the constitutionality of the Workers' Compensation Reform Act. The Appeals Board, like the Court of Workers' Compensation Claims, concluded that it lacked authority to consider Wigdor's constitutional arguments. The Appeals Board affirmed the Court of Workers' Compensation Claims' judgment.

Wigdor brought this appeal from the Appeals Board's judgment, raising only the constitutional arguments that the Court of Workers' Compensation Claims and the Appeals Board lacked authority to consider. In short, Wigdor argues that aspects of the Workers' Compensation Reform Act of 2013 facially violate the Open Courts Clause of the

Tennessee Constitution and the substantive due process protections of the United States and Tennessee Constitutions. Specifically, Wigdor challenges the Act's: (1) elimination of the requirement that courts give the workers' compensation chapter an "equitable construction"; (2) removal of the multi-factor vocational-disability method for determining an employee's period of compensation for certain injuries; and (3) shortening of the time an injured employee can seek additional benefits.

## Analysis

Courts begin with a strong presumption that a statute is constitutional and resolve every doubt in favor of constitutionality. *Riggs v. Burson*, 941 S.W.2d 44, 51 (Tenn. 1997). Because Wigdor presents facial challenges, he "must establish that no set of circumstances exists under which the statute, as written, would be valid." *Waters v. Farr*, 291 S.W.3d 873, 882 (Tenn. 2009).

The Special Workers' Compensation Appeals Panel recently considered similar constitutional challenges to the Workers' Compensation Reform Act of 2013 in *Worrell v. Obion County School District*, 694 S.W.3d 158 (Tenn. Workers' Comp. Panel July 19, 2024). The Tennessee Supreme Court adopted and affirmed the Panel's opinion in *Worrell* and ordered that it be published. Consequently, the Panel's opinion in *Worrell* opinion largely controls the outcome of this appeal.

We first consider Wigdor's argument that aspects of the Workers' Compensation Reform Act of 2013 violate the Open Courts Clause of the Tennessee Constitution. The Open Courts Clause provides that "all courts shall be open; and every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial, or delay." Tenn. Const. art. I, § 17. As *Worrell* recognizes, the Tennessee Supreme Court has long held that the Open Courts Clause does not operate as a limit on legislative action. 694 S.W.3d at 170; *see, e.g.*, *Harmon v. Angus R. Jessup Assocs., Inc.*, 619 S.W.2d 522, 524 (Tenn. 1981); *Harrison v. Schrader*, 569 S.W.2d 822, 827 (Tenn. 1978); *Scott v. Nashville Bridge Co.*, 223 S.W. 844, 852 (Tenn. 1920). Accordingly, this Panel—like the Panel in *Worrell*—is bound to apply existing Tennessee Supreme Court precedent and reject Wigdor's claims under the Open Courts Clause. *See Worrell*, 694 S.W.3d at 170.

We next consider Wigdor's substantive due process claims. Courts have interpreted both the United States and Tennessee Constitutions to contain substantive due process protections that bar certain arbitrary and wrongful government actions, regardless of the fairness of the procedures used to implement them. *See, e.g.*, *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998); *Lynch v. City of Jellico*, 205 S.W.3d 384, 392 (Tenn. 2006). Unless a fundamental right is involved, challenges to legislative actions under substantive due process are subject to rational basis review—to survive, the challenged statute need

only bear a reasonable relation to a legitimate legislative purpose and not be arbitrary or discriminatory. *See, e.g., Riggs v. Burson*, 941 S.W.2d 44, 51 (Tenn. 1997).

The statutory amendments that Wigdor challenges easily pass this low bar. The amendments do not interfere with the exercise of a fundamental right, *see, e.g., Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 409 (Tenn. 2013), and, as explained below, are not arbitrary or unreasonable.

Wigdor challenges the Act's elimination of the requirement that courts give the workers' compensation chapter an "equitable construction" because of its "remedial" purpose. The Act replaces that remedial-construction requirement with a directive that the chapter "shall not be remedially or liberally construed but shall be construed fairly, impartially, and in accordance with basic principles of statutory construction." Tenn. Code Ann. § 50-6-116. *Worrell* rejected a substantive due process challenge to this same statutory amendment, and the Panel's published opinion controls the outcome here. *Worrell*, 694 S.W.3d at 168. As *Worrell* recognizes, Section 50-6-116's elimination of the remedial-construction requirement bears a reasonable relation to the legitimate legislative interests in ensuring that employers and employees are similarly treated and that the workers' compensation statutes are predictably interpreted. *See id.* at 166.

Wigdor next challenges the Act's removal of the multi-factor vocational-disability method for determining an injured employee's permanent partial-disability benefits. In particular, the new law adopts a standardized formula for determining an employee's period of compensation for permanent partial disability, which takes an initial value of 450 weeks and multiplies it by the employee's impairment rating. *See* Tenn. Code Ann. § 50-6-207(3)(A). This statutory provision passes rational-basis review because it bears a reasonable relation to the legitimate legislative interests in predictability, administrative simplicity, and uniformity, which were largely lacking under the old multi-factor vocational-disability system.

Wigdor also challenges the Act's shortening of the time an injured employee can seek additional benefits. For example, an injured employee previously had 400 weeks from his date of injury to seek reconsideration in a case that involved injuries to the body as a whole. *See* Tenn. Code Ann. § 50-6-241(d)(1)(B) (2013). Under current law, an injured employee may seek increased benefits if the employee has not returned to work or is receiving a lesser salary "at the time the period of compensation provided [under section 50-6-207(3)(A)] ends, or one hundred eighty (180) days after the employee reaches maximum medical improvement, whichever is later." Tenn. Code Ann. § 50-6-207(3)(B). An employee has one year after the applicable time has run to file a petition for increased benefit determination. *Id.* § 50-6-207(3)(D). These revised time limitations for increased benefits survive constitutional scrutiny because they serve legitimate governmental interests in predictability and controlling workers' compensation costs.

Wigdor argues that these legislative amendments, when considered collectively, unconstitutionally eliminate a reasonable workers' compensation remedy. As explained above, however, each challenged amendment furthers a legitimate governmental objective. Viewed individually or collectively, the amendments pass constitutional muster.

Finally, Electric Research & Manufacturing Cooperative, Inc., raises an issue on appeal challenging the admissibility of certain trial testimony. We need not consider that issue because it is pretermitted by our resolution of Wigdor's constitutional arguments.

## Conclusion

For these reasons, we affirm the Appeals Board's decision. Costs on appeal are taxed to Appellant, Brad Wigdor, for which execution may issue if necessary.

W. MARK WARD, SENIOR JUDGE

IN THE SUPREME COURT OF TENNESSEE
AT JACKSON

# BRAD WIGDOR v. ELECTRIC RESEARCH & MANUFACTURING COOPERATIVE, INC. ET AL.

**Appeal from the Workers' Compensation Appeals Board
Court of Workers' Compensation Claims
No. 2022-07-0416, Robert V. Durham, Judge**

———————————————————

**No. W2023-01733-SC-WCM-WC**

———————————————————

## JUDGMENT ORDER

This case is before the Court upon the motion for review filed by Brad Wigdor pursuant to Tennessee Code Annotated section 50-6-225(a)(5)(A)(ii), the entire record, including the order of referral to the Special Workers' Compensation Appeals Panel, and the Panel's Opinion setting forth its findings of fact and conclusions of law.

The motion for review is denied. The Panel's findings of fact and conclusions of law, which are incorporated by reference, are adopted and affirmed. The decision of the Panel is made the judgment of the Court.

Costs are assessed to Appellant, Brad Wigdor, for which execution may issue if necessary.

It is so ORDERED.

PER CURIAM

JEFFREY S. BIVINS, J., not participating.